# Exhibit A

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| DELTA PILOTS ASSOCIATION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:14-cv-00225-AKH |
| | ) | |
| JOHN DOE | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
                   1625 Massachusetts Ave. NW, Washington, DC 20036.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached EXHIBIT A for complete list of document requests.

| Place: Seham, Seham, Meltz & Petersen, LLP, 445 Hamilton Ave., White Plains, NY 10601. | Date and Time: <br><br> 06/13/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   5/27/2014

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *(signature)* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Delta Pilots Ass'n
_____ , who issues or requests this subpoena, are:

Stanley Silverstone, 445 Hamilton Ave., White Plains, NY 10601; 914-997-1346; ssilverstone@ssmplaw.com.

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.   1:14-cv-00225-AKH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br>    a labor organization<br>    incorporated in Florida,<br><br>                              Plaintiff<br><br>    v.<br><br>JOHN DOE,<br>    an individual,<br>                              Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br><br>**EXHIBIT A<br>TO PLAINTIFF'S<br>RULE 45 SUBPOENA** |

To:   **AIR LINE PILOTS ASSOCIATION, 1625 Massachusetts Ave NW, Washington, DC 20036; (703) 689-2270.**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff in the above-captioned action, the Delta Pilots Association, through its attorneys, Seham, Seham, Meltz & Petersen, LLP, hereby serves the attached subpoena with this Exhibit A for production of documents, information, or objects or to permit inspection of premises in a civil action.

## I. DEFINITIONS

The term '**Plaintiff**' shall mean the Delta Pilots Association ("DPA"), including counsel for the plaintiff.

The term "**counsel for Plaintiff**" shall mean Seham, Seham, Meltz & Petersen, LLP, Attn. Stanley J. Silverstone, Esq., 445 Hamilton Avenue, Suite 1204, White Plains, New York 10601, Tel: (914) 997-1346; Fax: (914) 997-7125; Email: ssilverstone@ssmplaw.com.

The term "**you**" or "**party subject to subpoena**" shall mean the Air Line Pilots Association, Int'l, 1625 Massachusetts Ave NW, Washington, DC 20036, (703) 689-2270, including any of its officers, employees, agents, or representatives.

The term "**counsel for party subject to subpoena**" shall mean any attorney responding on behalf of the party subject to subpoena.

The term "**Defendant**" shall mean John Doe.

The term "**issuing court**" shall mean the United States District Court for the Southern District Of New York.

The abbreviation "**Fed. R. Civ. P.**" indicates the most current version of the Federal Rules of Civil Procedure, including the local rules of the issuing court.

The word "**document**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a) and 45(e)(1)(A).

The term "**electronically stored information**" or "**ESI**" shall have the same meaning as provided in Fed. R. Civ. P. 34, and Fed. R. Civ. P. 45.

The term "**responsive document**" shall mean both documents or electronically stored information that satisfies any specific request in this Exhibit A, herein below.

The term "**produce**" shall mean the same manner as required or allowed in Fed. R. Civ. P. 45(e); however, the form for producing electronically stored information shall either be in hard-copy (paper) form or in digital pdf formatted files. Production of non-ESI documents may be made in the same manner. Also, see Specific Instructions herein below.

The term "**writing**" shall have the same meaning as in Federal Rule of Evidence 1001(a).

The term "**recording**" shall have the same meaning as "duplicate" in Federal Rule of Evidence 1001(b).

The term "**photograph**" shall have the same meaning as in Federal Rule of Evidence 1001(c).

The term "**original**" shall have the same meaning as in Federal Rule of Evidence 1001(d).

The term "**copy**" shall have the same meaning as "duplicate" in Federal Rule of Evidence 1001(e).

The term "**possession, custody or control**" shall mean documents that you actually possess, or that you have a legal right or claim to obtain on demand, or that are held by your attorney, expert, insurance company, accountant, spouse, contractor, or agent, or that are held by your subsidiary, affiliated corporation or branch office, or that are owned by a third person but possessed by you, or that you may release by providing authorization.

The term "**tangible thing**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a)(1)(B).

The term "**day**" shall mean calendar days (not work days).

The term "**related to**" (or any form thereof) shall have as broad an application, but not broader, than the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1). Subject to this, this term includes: constituting, consisting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. This term necessarily also includes information that is in opposition to, as well as in support of, the position(s) and claim(s) of Plaintiff in this action.

The term "**communication**" means any manner or form of information, memorandum or notes or message transmission, however produced or reproduced, whether by 'document' as herein defined or orally or otherwise, which is made in your name or in concert with others, or which is distributed or circulated between or among persons, or data storage or processing units and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication as herein defined.

As used herein, '**and**' as well as '**or**' shall be construed either disjunctively or conjunctively as necessary to bring documents within the scope of this Request for Production which might otherwise be construed to be outside its scope.

As used herein, "**any**" shall mean any or all.

## II. SPECIFIC INSTRUCTIONS

TIME OF RESPONSIVE ANSWER:

As specified, the time on the Rule 45 Subpoena, within 14 days of service of the Subpoena.

TIME, PLACE, MANNER OF INSPECION OR PRODUCTION:

*Unless otherwise mutually agreed to between counsel for Plaintiff and the party subject to subpoena*:

Manner: By producing <u>copies</u> of responsive documents to the place designated herein below.

Place: The office of Plaintiff's counsel.

FORM OF PRODUCED ELECTRONICALLY STORED (ESI) INFORMATION:

In <u>lieu of</u> the digital form in which you ordinarily maintain it, the form for producing electronically stored information shall <u>either</u> be in hard-copy (paper) form <u>or</u> in digital pdf formatted files. Production of non-ESI documents may be made in the same manner.

## III. GENERAL INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 45(d)(2)(A), if you intend to withhold from production any document or ESI information that is responsive to any specific requests herein below, based on a claim of privilege or protection as trial-preparation material, you must provide the information stated in Fed. R. Civ. P. 45(e)(2)(A).

If any document or ESI information that would have been responsive to the specific requests below has been <u>destroyed, deleted or for any reason is no longer in your possession, custody or control</u>, provide the following information, if known:

- The date of the document/information;
- The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;
- The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, custody or control; and
- The circumstances surrounding the loss of the document or the reason for its destruction.

If you claim any other basis for objecting to responding or producing responsive documents or information then you are directed to comply with Fed. R. Civ. P. 45(d).

TAKE NOTICE, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), that Plaintiff reserves the right to, at any time, move the issuing Court for an order to compel production or inspection.

### III.  SPECIFIC REQUESTS.

Pursuant to Court Order dated <u>January 29, 2014</u>, issued by the United States District Court for the Southern District of New York and signed by United States District Judge, The Honorable <u>Alvin K. Hellerstein</u> (see <u>Attachment A</u>), and pursuant to Fed. R. Civ. P. 45(a)(1)(C), you are hereby commanded to provide responsive documents to these specific requests:

<u>Specific Request No. 1</u>: **That contain, describe or reference any "facts" learned or "information generated" in any "investigation" by ALPA or the ALPA Delta MEC, as stated in the publication, "True Headings, 13-17" dated November 21, 2013 (see <u>Attachment B</u>) ("ALPA and Delta ALPA continue to investigate the incident in an attempt to learn the facts."   "[I]f we are contacted we will provide all information generated in our investigation…").**

<u>Specific Request No. 2</u>: **That identify the "private individual" referenced in the ALPA Delta MEC, publication, "True Headings, 13-17" dated November 21, 2013 (see <u>Attachment B</u>) ("We have learned that network traffic was briefly mixed with a private individual's account maintained with the same hosting provider as the DPA, in this case, Squarespace.").**

<u>Specific Request No. 3</u>: **That identify the "third party" referenced in the ALPA Delta MEC, publication, "True Headings, 14-11" dated May 21, 2014 (see <u>Attachment C</u>) ("We … strongly believe that whatever temporary problems the DPA experienced were the result of inadvertent actions by a third party….").**

Dated:      White Plains, New York

<u>May 23, 2014</u>

SEHAM, SEHAM, MELTZ & PETERSEN, LLP

By*: /s/ Stanley J. Silverstone*
Stanley J. Silverstone
ssilverstone@ssmplaw.com
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346; Fax: (914) 997-7125

*Attorneys for Plaintiff*

ATTACHMENT A

USDC S  Y
DOCU   NT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/29/14

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br>    a labor organization<br>    incorporated in Florida<br>                              Plaintiff<br><br>    v.<br><br>JOHN DOE,<br>    an individual<br>                              Defendant. | Civil Action No.: 1:14-cv-00225-AKH |

~~[PROPOSED]~~

## ORDER GRANTING MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiff's Motion for Leave to Take Immediate Discovery, the pleadings filed

in this action, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiff may serve immediate discovery upon third-parties in order to

identify defendant John Doe.

DATED:     January 28, 2014

Hon. Alvin K. Hellerstein
United States District Judge

**DELTAMEC** | Air Line Pilots Association, Int'l | **True Headings**

**November 21, 2013**

## *More on DPA Accusations*

A week ago, the Delta Pilots Association (DPA) apparently experienced difficulties with its website. It immediately accused "ALPA" of having "hacked" the website. They wrote:

- *"ALERT!  ALPA has hacked part of the DPA website," and*
- *"The ALPA "Special Committee" is clearly responsible for this so reward them appropriately," and*
- *"This hack could be the product of an offshoot of the Special Committee or it could be ALPA members taking direction from leadership to conduct the crime."*

These are manufactured charges with no factual support and are completely false.  ALPA and Delta ALPA continue to investigate the incident in an attempt to learn the facts. However, from the outset, it was abundantly clear that contrary to the DPA's absurd accusations, ALPA and Delta ALPA did not hack DPA's website and had nothing to do with the problems it experienced, nor did anyone create such problems at the request of, or on behalf of, ALPA or any of its Committees. Despite this, written communications by the DPA continue to make this baseless claim.

DPA's hosting provider is "Squarespace." ALPA is not a Squarespace client and even if it was, it would have no access to information about what occurred to the DPA website. It also has no access to DPA's Domain Name Server (DNS) records. DNS is a service that acts like a directory for the internet. For example, if you type in www.yahoo.com the DNS translates that name into a physical internet protocol (IP) address. If the DNS entries are incorrect, web traffic can be diverted to the wrong IP address for the website.

An organization desiring a full accounting of this incident would be securing documentation from both its hosting provider and its DNS records. This would reveal whether hacking activity actually occurred and provide evidence as to its source.  For its part, ALPA would welcome the chance for the membership to review such documentation because we have no doubt that it will show that there is no evidence that ALPA, its officers, or any committee had anything to do with whatever problems developed on the DPA website.

However, instead of conducting an actual investigation and making available relevant information from its service provider and DNS records, DPA immediately accused ALPA of hacking and then announced that it reported this matter to the FBI – which, DPA claimed, would conduct an investigation at some unknown date in the future. ALPA has not been contacted by the FBI or any governmental agency, but if we are contacted we will provide all information generated in our investigation and will cooperate fully. The simple fact is that any such inquiry will inevitably establish that the DPA's charges against the Association are wholly without merit.

Because we do not have access to the various systems in question, we cannot be sure of the source of the temporary problems experienced by DPA. IT experts have advised us that the typical source of these sorts of difficulties is not hacking conspiracies, but rather errors in managing DNS records.  From the documentation we could lawfully secure, there appears to have been several instances of errors in system administration, including one occasion when the DPA DNS was redirected to another one of their websites, announcing a failure to collect enough cards. Based on a review of saved records, the web domains from that site resolve to *another* Squarespace account, with a URL displaying affiliation with DPA's leadership.

We have learned that network traffic was briefly mixed with a private individual's account maintained with the same hosting provider as the DPA, in this case, Squarespace. These sorts of problems simply could not have been generated by persons without administrative access to DPA's accounts.

Ultimately, we are in no position to know the particulars of DPA's problems without relevant documentation from its service providers. What we do know is that ALPA had no involvement in this incident and the DPA's allegations and claims against ALPA are not true.

Being a legitimate collective bargaining organization requires basic due process to refrain from making accusations without evidence and before completion of an investigation. This principle applies with particular force with respect to those we represent or seek to represent.



**14-11**

**May 21, 2014**

### *Making Great Strides*

The list of absurd DPA misrepresentations is a work in progress, with high points and low ones, but one of the biggest whoppers of all is their baseless accusation that ALPA had anything to do with their alleged "hacking incident" last November. On May 1, 2014 DPA announced that the civil and criminal investigations were "making great strides." However, the day before, when speaking to the Court (a forum where serial misrepresentations are punishable by fines) it told a different story.

As can be seen by the attached document directly from the Court Docket, DPA's counsel informed the court that *"While the documents have revealed potential defendants, no evidence obtained to date definitively establishes responsibility for the hacking of DPA's website. As a result, we are not yet in a position to substitute a named defendant for "John Doe" and do not anticipate that we will be able to substitute named defendants by the June 27th conference date."* That date was a scheduled status conference.

As we have stated many times before, neither ALPA nor Delta ALPA hacked DPA's website or asked anyone to do so. We are highly skeptical that anyone hacked DPA's website and strongly believe that whatever temporary problems the DPA experienced were the result of inadvertent actions by a third party, or even the DPA itself. However, the point here is that instead of revealing the terms of the actual document it filed with the Court, and letting the filing speak for itself, the DPA chose to spin the matter as an indication of "progress". Regrettably, for all the talk of transparency and openness, when it comes to providing an account of its own activities the DPA is completely opaque. That is hardly an encouraging sign of what this organization would be like if it held any actual responsibility for your careers and futures.

So take a look for yourself - we have attached the document below – and decide if this looks anything like "great strides." The case can easily be followed at this link, and the docket number is **1:14-cv-00225 (AKH)**. After all the crazy talk of the last four years, and all the slanderous charges of RICO and criminal conspiracy (and ALPA still has not been contacted by the FBI or any other law enforcement agency), anyone can see that the DPA has no basis in fact for its wild accusations.

ALPA is not part of this case and we have no idea what the next accusation will be. One thing seems pretty likely based on the judge's note; there will be no further adjournments in his court.

REVISED

## SEHAM, SEHAM, MELTZ & PETERSEN, LLP

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED: 5/1/14**

ATTORNEYS AT LAW
445 HAMILTON AVENUE, SUITE 1204
WHITE PLAINS, NEW YORK 10601
TEL: (914) 997-1346
FAX: (914) 997-7125
ssmplaw@ssmplaw.com
www.ssmplaw.com

RECEIVED
APR 2 ? 2014
CHAMBERS OF
ALVIN K. HELLERSTEIN

April 30, 2014

Sept. 5, 2014
The conf is adjourned
to Aug. 29, 2014, 10:00 a.m.
There will be no further
adjournments.
4-30-14
[signature]

BY FAX

Hon. Alvin K. Hellerstein
United States District Court
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

    Re:    *Delta Pilots Association v. John Doe*
          Case No. 14-cv-225 (AKH)

Dear Judge Hellerstein:

On behalf of the Plaintiff, Delta Pilots Association ("DPA"), we write to request an adjournment of the Rule 16 conference scheduled for June 27, 2014. This is the first request to adjourn this conference.

DPA commenced this action on January 13, 2014, for declaratory judgment, injunctive relief, and monetary damages stemming from the "hacking" of Plaintiff's website in November 2013 by an unknown party or parties. On January 17, 2014, we filed a motion (Dkt. #3) seeking leave of the Court to serve immediate discovery on third-party Internet web-hosting or web-service companies, Internet Service Providers, telephone companies, and other third parties believed to be in possession of relevant information that would determine, or assist in determining, the identity of the "John Doe" defendant(s). The motion was granted on January 29, 2014 (Dkt. #5).

Since our motion for immediate discovery was granted, we have served subpoenas duces tecum on five telephone and internet companies, all of which have resulted in the production of documents. While the documents have revealed potential defendants, no evidence obtained to date definitively establishes responsibility for the hacking of DPA's website. As a result, we are not yet in a position to substitute named defendants for "John Doe," and do not anticipate that we will be able to substitute named defendants by the June 27 conference date.