UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JOHN DOE, )<br>)<br>Defendant. )<br>_____ ) | No. 1:14-cv-00225-AKH |

## DECLARATION OF ARTHUR LUBY

I, Arthur Luby, declare as follows:

1. I am an attorney admitted to the bars of Michigan and the District of Columbia and am a Corporate Counsel Registrant in Virginia. I also am the Assistant Director of the Representation Department of the Air Line Pilots Association, International ("ALPA"). I joined the Representation Department in February 2005. Prior to that time, I was engaged in the private practice of law from June 1981 through January 2005.

2. I have personal knowledge of the facts set forth in this Declaration. I offer it in support of the Opposition of Non-Party Air Line Pilots Association, International (Including Non-Party Delta Master Executive Council) to Plaintiff's Motion to Compel Compliance with Subpoenas Duces Tecum.

3. On the late afternoon of Friday, November 15, 2013, I learned from ALPA senior attorney Matthew Babcock that a Delta Air Lines ("Delta") pilot (the "Delta Pilot") had called the Legal Department seeking advice. Matthew and I had a conference call with the Delta Pilot that same day. During that conversation, the Delta Pilot sought confidential legal advice concerning an accusation that had been made against him by Delta Pilots Association ("DPA") President Tim Caplinger that the Delta Pilot had hacked into the DPA website and, further, that

1

Mr. Caplinger had threatened him with criminal and civil liability. I believed then, and continue to believe, that this was a subject matter not covered by ALPA's duty of fair representation to the Delta pilots (with which I am quite familiar), as it did not concern the negotiation or administration of ALPA's collective bargaining agreement with Delta. During this conversation, the Delta Pilot asked if the conversation was subject to the attorney-client privilege, and I responded that it was. The Delta Pilot was fully aware of my simultaneous legal representation of ALPA as an ALPA attorney.

4.  In the days following that conversation, at my request, the Delta Pilot prepared a statement (the "Statement") recounting his knowledge of the events concerning Mr. Caplinger's allegations, and I advised him concerning the issues that should be covered in the statement as well as on certain phraseology. A true and correct copy of the Statement is attached to the Declaration of Stanley Silverstone as Exhibit C, Attachment 2. Contrary to suggestions by DPA, there have been no redactions from the Statement.

5.  The Delta Pilot provided the Statement to me via email on November 19, 2013. The Statement does not identify the Delta Pilot, but the email to which it was attached sets forth his name and email address. I understood, and continue to understand, the email (which also had two other attachments) to be subject to the attorney-client privilege; indeed, it states in the subject line (written by the Delta Pilot) that it is subject to the "Attorney Client Privilege" followed by the name of the Delta Pilot. I did not understand the Statement (which is one of three attachments to the email) to be subject to the attorney-client privilege, given that its purpose was to describe the pertinent events as close as reasonably possible to the time that they occurred in the event that that information was needed to respond to litigation threatened by Mr. Caplinger or to further ALPA's investigation into this alleged incident. I have confirmed with

the Delta Pilot that he does not believe that the foregoing statement is privileged; indeed, it is addressed to "Colleagues[.]"

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2014            By: _____
                                              Arthur Luby