Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel. (914) 997-1346

Nicholas P. Granath (*pro hac vice*)
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405
Tel. (612) 341-9080

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>                            Plaintiff<br><br>        v.<br><br>JOHN DOE,<br><br>                            Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA *DUCES TECUM*,** |

In reply to ALPA's response in opposition to the motion (Doc. 15), Plaintiff, Delta Pilots Association ("DPA"), respectfully states as follows:

The purpose of DPA's subpoenas and motion is to identify the individual or individuals who violated federal law. In this context, it is striking that ALPA makes no response whatever to DPA's demand that it produce the November 19, 2013 email in *expanded header format*, which is the only way to authenticate the email, the letter, or the author (as this will reveal certain meta-data that DPA's forensic expert may subject to scrutiny). Even if the content of the email were redacted, ALPA identifies no legal or factual basis to withhold the expanded header showing the email address and meta-data. On the contrary, ALPA's response makes it clear that there is no dispute that the identity of the emailer/letter writer is *not* protected by attorney-client

privilege. (Doc. 15, fn. 5: "ALPA has never asserted that his identity is privileged"). In view of ALPA's waiver of objections in this regard, ALPA should produce the email with the expanded header format forthwith and should be subject to sanctions for any delay in such production.

ALPA's sole remaining objection is its purported concern that the individual claimed to be in violation of federal law not be subject to embarrassment. (Doc. 15, p. 16).[1] Yet ALPA now admits that its own counsel *assisted in drafting the letter* (Doc.15-3, ¶ 4: "and I advised him concerning the issues that should be covered in the statement as well as on certain phraseology") for the purpose of confirming *ALPA's* supposed innocence. (Doc. 13-4, p. 4: "to be unequivocally clear, ALPA was not involved in any manner").[2]  The purpose underlying ALPA's participation in the drafting of the letter was to advance its own interests, even at the expense of the author, thereby confirming that the individual was not, in fact, the actual client of ALPA's attorneys; rather the client was ALPA itself.  That ALPA's objective in this matter, as a whole, is its own political success, is further confirmed by the fact that ALPA's brief is spent largely attacking the Plaintiff, not the subpoenas.  In sum, ALPA's participation in the drafting of the letter was to prevent its own embarrassment, even at the cost of embarrassment – and greater exposure to liability – of the anonymous author.  Why it does so is unknown and DPA makes no allegations against ALPA, but it is not a ground to withhold evidence or obstruct justice, which is surely the effect.

---

[1] ALPA also raises the procedural objection that Plaintiff failed to comply with Rule 2.E of this Court's rules.  However, Plaintiff proceeded on the basis that this is not a discovery dispute, but a motion to compel compliance with a subpoena, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), which does not contain the meet and confer requirement applicable to discovery disputes.

[2] We note that it is extraordinary that the ALPA Legal Department, which exists to represent the Union in matters related to collective bargaining, represents that it also operates as a general law firm, providing legal advice to members in matters of general criminal and civil liability – matters that are far outside the scope of the Union's duty of fair representation.

Moreover, Rule 26(c) that ALPA cites pertains generally to discovery, not third-party subpoenas. Even under the Rule, mere embarrassment is seldom a reason to prevent wholesale production of documents. Instead, the "good cause" standard embedded in the Rule requires a court to balance the need against the claimed burden. *See, e.g., In re Sealed Case (Medical Records),* 381 F.3d 1205, 1215 (D.C. Cir. 2004). No balance can be struck here, however, to hide the identity of someone who writes to say he called DPA to discuss his personal involvement in the very incident that is the subject of the Complaint, who affirmatively takes responsibility for causing interference in DPA's computers, and who confirms he *hid* his identity when calling.[3]

In any event, DPA has a right to vindicate its rights under federal law by discovering the identity of John Doe and authenticating any documents that do so. To this end, it has commenced an action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.,* and is cooperating with a criminal investigation conducted by the FBI. DPA cannot reasonably exercise these rights, however, if ALPA is permitted to withhold documents that identify the person who wrote to say he/she literally offered to pay DPA its expenses incurred in recovering from the computer interference "should I be found negligent in anyway." (Doc. 13-4, p. 5).

ALPA responds that it "has made clear that it has no documents identifying the alleged hacker…." (Doc. 15 at 11). That is not ALPA's call to make. Its obligation is to produce documents in response to the subpoenas, and the subpoenas seek documents that, by ALPA's own admission, clearly relate to an investigation that ALPA undertook to determine the identity

---

[3] ALPA states incorrectly that "DPA's subpoenas do not seek documents related to the information that it allegedly garnered from the five telephone and internet companies." (Doc. 15 at 7). DPA subpoenaed telephone records in order to determine the identity of the caller to DPA. DPA intends to determine whether the author of the letter disclosed by ALPA is the same person revealed in the subpoenaed telephone records.

of the alleged hacker.

Because the documents sought are directly and highly relevant to the discovery of the identity of John Doe, because ALPA's objections to production are groundless or improper, and because ALPA's proposed order in anticipation of production merely sets up unjustified and unworkable restrictions that would needlessly involve this Court, DPA's motion should be granted and ALPA ordered to produce the evidence it holds.

Respectfully submitted,

On: July 15, 2014                    By: */s/ Stanley J. Silverstone*
                                     Stanley J. Silverstone
                                     ssilverstone@ssmplaw.com
                                     Lucas K. Middlebrook
                                     lmiddlebrook@ssmplaw.com
                                     SEHAM, SEHAM, MELTZ & PETERSEN, LLP
                                     445 Hamilton Avenue, Suite 1204
                                     White Plains, NY 10601
                                     Tel. (914) 997-1346; Fax (914) 997-7125

                                     Nicholas Granath (*pro hac vice*)
                                     ngranath@ssmplaw.com
                                     SEHAM, SEHAM, MELTZ & PETERSEN, LLP
                                     2915 Wayzata Blvd.
                                     Minneapolis, MN 55405
                                     Tel. (612) 341-9080; Fax (612) 341-9079

                                     *Attorneys for Plaintiff*
                                     *Delta Pilots Association*