UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br>    a labor organization<br>    incorporated in Florida<br>                        Plaintiff<br><br>v.<br><br>JOHN DOE,<br>    an individual<br>                  Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**DECLARATION OF<br>NICHOLAS PAUL GRANATH** |

I, Nicholas Paul Granath, do declare as follows:

1. I am a senior litigation counsel in the law firm of Seham, Seham, Meltz & Petersen, LLP, admitted *pro hac vice* as counsel of record for the plaintiff Delta Pilots Association in the above-cited matter.

2. I make this Declaration of my own free will, based on my personal, first-hand knowledge, unless otherwise specifically indicated.

3. This Declaration is submitted in support of Plaintiff's memorandum of law in opposition to non-party Air Line Pilots Association's ("ALPA") "Emergency Motion Of The Air Line Pilots Association, International To Enforce The Court's Protective Order Of August 14-15, 2014" filed on October 7, 2014 (Doc. No. 26).

4. To date, through its counsel, DPA has served ten (10) non-parties with subpoenas for production of documents, including the Air Line Pilots Association, as well as obtained voluntary production without any subpoena from other non-parties.

5. Through its counsel, DPA has retained a forensic computer expert for consultation.

6. As a result of production in response to DPA subpoenas served on non-parties other than ALPA, obtained before August 19, 2014, the name of the person ALPA describes as "the Delta pilot" (i.e. "John Doe 1") appeared in several documents obtained in discovery by DPA.

7.  Information obtained from ALPA from the subpoena served on it, enforced by this Court's order, tended to provide corroboration of the same identity of John Doe 1 that appeared in other documents already obtained by subpoena or otherwise from sources other than ALPA.

8.  Between August 18 and September 11, 2014, as counsel for DPA, I sent correspondence to John Doe 1 addressed to six separate addresses, both by certified and U.S. first-class mail. Among other things, this correspondence requested that John Doe 1 or his attorney contact me immediately.

9.  All six addresses were obtained directly or indirectly from information produced in response to subpoena(s), and were located in a particular venue outside of this Court's jurisdiction. Further, DPA's forensic computer expert has uncovered multiple email addresses that John Doe 1 has apparently set up.

10. As of the date of this filing, neither John Doe 1 nor any attorney for John Doe 1 has contacted myself, or any attorney in Seham, Seham, Meltz & Petersen, or DPA itself, or DPA Interim President Tim Caplinger – in response to this correspondence or this (withdrawn) lawsuit.

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  <u>October 17, 2014</u>          By: <u>***/s/ Nicholas Paul Granath***</u>
                                                     Nicholas Paul Granath, Esq.