UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DELTA PILOTS ASSOCIATION,                   :
                                            :      **ORDER GRANTING**
                         Plaintiff,         :      **EMERGENCY MOTION**
                                            :      **TO ENFORCE**
        -against-                           :      **PROTECTIVE ORDER**
                                            :
JOHN DOE,                                   :      14 Civ. 225 (AKH)
                                            :
                         Defendant.         :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Non-party Air Line Pilots Association, International ("ALPA") filed this Emergency Motion to Enforce the Court's Protective Order of August 14-15, 2014. For the following reasons, ALPA's motion is granted.

   On January 13, 2014, Plaintiff Delta Pilots Association ("DPA"), an association seeking to become the certified collective bargaining representative of Delta Airlines pilots, brought suit against "John Doe," a member of ALPA, for allegedly hacking into its website. Delta served subpoenas on ALPA demanding production of documents identifying the Delta Pilot responsible for the hack. ALPA objected to providing the Delta Pilot's identity out of fear that Plaintiff would "make untruthful public assertions about him." Silverstone Decl. Ex. 6 (ECF No. 13-3 at 4). On August 14, 2014, I heard argument and ordered disclosure of the Delta Pilot's identity subject to the limitation that Plaintiff keep the identity confidential until, following stipulation or motion by plaintiff, I grant permission to change the name of the caption.[1]

---

[1] Specifically, I ordered that "[DPA] can see the name. [Counsel for ALPA] will give it to [counsel for DPA]. [DPA] will honor the confidentiality. [DPA's President and counsel] will honor the confidentiality until such time as I grant [DPA] permission to change the name of the caption or there is a stipulation to that effect, which I shouldn't think would be withheld. Until then, [DPA] keep it quiet." *Delta Pilots Ass'n v. John Doe*, 14-cv-225, ECF Doc. No. 22, *7 (Tr. of Hearing on Mot. to Compel).

1

At the September 5, 2014 status conference, I gave Plaintiff until September 30, 2014 to either move to amend the caption to name the Delta Pilot allegedly responsible or to dismiss the complaint without prejudice. On September 30, 2014, Plaintiff filed a Notice of Dismissal of its lawsuit against John Doe. ECF No. 25.

Plaintiff now has evidenced its intent to publicly identify the Delta Pilot by suing him in the state of New York. ALPA Br. at 4; Caplinger Decl. ¶ 7. ALPA argues that naming John Doe in a state action, without first moving in this court, would violate my order issued at the August 14th hearing. I agree.

Protective orders are useful tools for eliciting confidential information during litigation, but only to the extent that parties believe they can rely upon them. For example, "[i]f protective orders were easily modified . . . parties would be less forthcoming in giving testimony and less willing to settle their disputes." *See, e.g., S.E.C. v. TheStreet.com,* 273 F.3d 222, 230 (2d Cir. 2001). Thus, a court retains jurisdiction to manage its protective order even after the case is dismissed. *See, e.g., Gamble v. Deutsche Bank AG,* 377 F.3d 133 (2d Cir. 2004) (although generally a plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(ii) divests the court of its jurisdiction over a case, "[i]t simply does not follow [] that the filing of a stipulation of dismissal divests a court of jurisdiction to . . . modify or vacate its own protective orders.").

In this case, I compelled disclosure of John Doe's identity subject to Plaintiff's affirmation that it would keep the identity confidential until I permitted it to amend the caption of its case. Plaintiff's announced intention to evade the order by a lawsuit in the New York Supreme Court would violate the limitations by which plaintiff obtained John Doe's identity. Plaintiff is required to move to re-open its case, and to move to amend the complaint pursuant to Rule 21.

Plaintiff raises three counter-arguments in its brief. First, it argues that naming John Doe in a state court action would not violate the conditions I imposed in granting the

motion to compel because "[t]hat agreement provided for confidentiality of the individual's identity until we choose to name him as a party." Pl.'s Br. at 9 (quoting Silverstone Decl. ¶ 10). That is plainly not the condition I imposed. At the August 14 hearing, I ordered Plaintiff to "honor the confidentiality *until such time as I grant* [DPA] permission to change the name of the caption or there is a stipulation to that effect." Tr. of Hearing on Mot. to Compel, at 7 (emphasis added). Nothing about my language leaves the decision to lift the confidentiality condition to Plaintiff's discretion.

Second, Plaintiff claims that ALPA lacks standing to enforce the conditions on the order to compel because the conditions were intended to protect John Doe, not ALPA. But as a labor union, ALPA has a legitimate, unique, and substantial interest in protecting its members from harms like harassing or unsubstantiated complaints. *Dorsett v. County of Nassau*, 283 F.R.D. 85 (E.D.N.Y. 2012). That is precisely the interest that the limitations on the order to compel were designed to vindicate. Moreover, Plaintiff cannot in good faith argue that ALPA was not the intended beneficiary of the confidentiality condition when ALPA is the very entity with whom Plaintiff negotiated that condition. It is also worth noting that Plaintiff has identified no authority holding that a Court's power to *enforce*, rather than modify, its own valid protective order is even subject to a standing inquiry. "A protective order, like any ongoing injunction, is always subject to the inherent power of the district court." *Adem v. Bush*, 425 F. Supp. 2d 7, 20 (D.D.C. 2006) (quoting *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993)). "It would be untenable for the District Court to be put in a position where it is powerless to enforce its own protective order, presently in effect and over which it has continuing control." *Id.*

Finally, Plaintiff argues that this Court lacks the power to interfere with its "constitutional" "right of access" to the state courts. Pl.'s Br. at 21 (citing *Tennessee v. Lane*, 541 U.S. 509 (2004)). This argument mischaracterizes the relief sought by ALPA. *Id.* ("ALPA's

motion in effect asks this court to impose a condition flatly barring refiling . . ."). ALPA does not seek to deny Plaintiff access to another sovereign's courts; it only seeks to prohibit unauthorized disclosure of protected information.

I hereby order Plaintiff to refrain from disclosing John Doe's identity in any manner inconsistent with the conditions I set forth on August 14, 2014.

ALPA's Emergency Motion is granted. The Clerk shall mark the motion (Doc. No. 26) terminated.

SO ORDERED.

Dated: November 24, 2014
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4