UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELTA PILOTS ASSOCIATION,        )
                                 )
            Plaintiff,           )
                                 )
v.                               )   No. 1:14-cv-00225-AKH
                                 )
JOHN DOE,                        )
                                 )
            Defendant.           )
_____  )

**MEMORANDUM OF NON-PARTY AIR LINE PILOTS ASSOCIATION, INTERNATIONAL IN OPPOSITION TO MOTION TO VACATE OR MODIFY THE COURT'S CONFIDENTIALITY ORDER OF AUGUST 14-15, 2014**

### INTRODUCTION

Despite having eight months of discovery, and without providing any evidence to the Court or to the Air Line Pilots Association, International ("ALPA") that an individual pilot at Delta Airlines, Inc. (the "Delta Pilot") actually hacked into its website in November 2013 (or at any other time), the Delta Pilots Association ("DPA") asks this Court to modify or vacate its August 14-15, 2014 Order that protects the confidentiality of the identity of the Delta Pilot. DPA's motion lacks any basis whatsoever and utterly ignores the law and standards governing such modifications. Indeed, DPA falsely alleges that ALPA refused its request to enter into a stipulation when, in fact, ALPA appropriately requested information to support the proposed stipulation. *See infra* at 5. Accordingly, and as explained in detail below, DPA's motion should be denied.

## FACTS

A.  **The Alleged Hacking Incident**

On November 9, 2013, DPA, an association seeking to replace ALPA as the certified collective bargaining representative of the Delta Airlines ("Delta") pilots, accused ALPA of hacking into its website the previous day. Declaration of Stanley Silverstone ("Silverstone Dec.") Ex. C (ECF No. 13-3 at 5-6).[1] ALPA investigated the allegation and, based on its investigation, publicly denied any involvement in the alleged hack. Silverstone Dec. Ex. A (ECF No. 13-1 at 11-12). It did, however, learn that DPA President Tim Caplinger had accused the unnamed Delta Pilot of hacking into DPA's website. Declaration of Arthur Luby ¶ 3 (ECF No. 15-3).

The Delta Pilot prepared a statement (the "Statement") recounting his knowledge of the events concerning Mr. Caplinger's allegations and denying any involvement in the alleged hacking incident. Silverstone Dec. Ex. C (ECF No. 13-4 at 2-6). The Statement does not identify the Delta Pilot. *Id.*

B.  **DPA's Lawsuit Against John Doe and Its Motion to Compel Against ALPA**

On January 13, 2014, DPA sued "John Doe" over the alleged hack. Compl. (ECF No. 1). Shortly thereafter, the Court granted leave to DPA to "serve immediate discovery upon third-parties in order to identify defendant John Doe." Silverstone Dec. Ex. A (ECF No. 13-1 at 10).

Four months later, DPA served subpoenas *duces tecum* on ALPA and the Delta Master Executive Council (collectively, "ALPA"), demanding production of documents, including documents identifying the Delta Pilot. *Id.* at 9 (Request No. 2). ALPA objected to "publicly identifying this individual because, as a Delta pilot within the bargaining unit, he is entitled to be

---

[1] Page references refer to the page numbers generated by the Court's ECF system.

protected against the risk that DPA will make untruthful public assertions about him. DPA has engaged in such conduct in the past." Silverstone Dec. Ex. C (ECF No. 13-3 at 4). ALPA did offer to provide the name of the Delta Pilot if DPA was willing "to maintain the confidentiality of [his] identity and to enter into an appropriate protective order, for the Court's approval, guaranteeing that confidentiality[.]" *Id.*

DPA rejected ALPA's proposal and moved to compel. On August 14, 2014, the Court heard argument and, based on agreement of the parties, ordered disclosure of the Delta Pilot's identity to DPA's counsel and DPA's President subject to a protective order guaranteeing the confidentiality of that information:

> THE COURT: I think we have agreement. You [DPA counsel Stanley Silverstone] can see the name [of the Delta Pilot]. [ALPA counsel] Mr. Abram will give it to you. Not on the record, but he will give it to you, write it on a piece of paper and give it to you. You will honor the confidentiality. You and [DPA President] Mr. Caplinger will honor the confidentiality until such time as I grant you permission to change the name of the caption or there is a stipulation to that effect, which I shouldn't think would be withheld. Until then, you keep it quiet. All right, agreed?
>
> MR. SILVERSTONE: It's agreed, your Honor.

Declaration of Michael Abram ("Abram Dec.") ¶ 2 (ECF No. 30) and Ex. 2 (ECF No. 30-1 at 8). *See also id.* at Ex. 2 (ECF No 30-1 at 7) (Court's agreement with ALPA's argument that DPA would have to "support [its contention that the Delta Pilot hacked its website] to name him in their lawsuit" and that the Court would have to grant a motion to amend under Rule 21); ECF No. 21 (August 15, 2014 Discovery Order).

During the August 14 argument, DPA's counsel promised the Court that it would take the deposition of the Delta Pilot. Abram Dec. Ex. 2 (ECF No. 30-1 at 11-13). The Delta Pilot has advised ALPA attorney Arthur Luby that (following the Court's August 14-15 ruling) he never received a subpoena from DPA, that DPA never took his deposition, and that (despite the fact

3

that ALPA gave DPA counsel his email address) he never even received an email from DPA requesting his appearance at a deposition. Second Declaration of Arthur Luby ¶ 3 (ECF No. 29).

### C. DPA's Dismissal of Its Lawsuit

While the lawsuit was pending, DPA never asked ALPA for a stipulation to allow it to publicly disclose the identity of the Delta Pilot or to publicly name him as a Defendant in the lawsuit, and it likewise never requested permission of the Court to name the Delta Pilot as a Defendant. Abram Dec. ¶ 3. Instead, on September 30, 2014, DPA filed a Notice of Dismissal of its lawsuit against John Doe. ECF No. 25.

### D. DPA's Threat to Publicly Disclose the Identity of the Delta Pilot and This Court's Grant of ALPA's Emergency Motion to Enforce Protective Order

On Friday, October 3, 2014, DPA threatened to publicly identify the Delta Pilot and to sue him in another jurisdiction. Second Declaration of Michael Hanson ¶ 3 (ECF No. 28) and Ex. 1 (ECF No. 28-1 at 2-3). On October 6, ALPA counsel wrote to DPA counsel reminding of the Court's Protective Order and asking for confirmation that neither he nor DPA President Caplinger had disclosed or would disclose the identity of the Delta Pilot. Abram Dec. ¶ 4 and Ex. 3 (ECF No. 30-2 at 2).

DPA refused to provide that confirmation. Abram Dec. Ex. 3 (ECF No. 30-2 at 2-3). ALPA then filed an emergency motion to enforce the Protective Order. ECF No. 26. On November 24, 2014, the Court granted the motion, finding that DPA's threatened lawsuit would violate the Order and that, in order to sue the Delta Pilot, DPA needed to "move to re-open its case, and to move to amend the complaint pursuant to Rule 21." ECF No. 35 at 2. The Court further found that "ALPA has a legitimate, unique, and substantial interest in protecting its members from harms like harassing or unsubstantiated complaints" and that that "is precisely the interest that the limitations on the order to compel were designed to vindicate." *Id.* at 3.