DELTA PILOTS ASSOCIATION,    )
        )
       Plaintiff    )
        )
v.        )    No. 1:14-cv-00225-AKH
        )
JOHN DOE,    )
        )
       Defendant.    )
        )

## SECOND DECLARATION OF MICHAEL ABRAM

I, Michael Abram, declare as follows:

1.    I am a partner in the law firm of Cohen, Weiss and Simon, LLP, which represents non-party Air Line Pilots Association, International ("ALPA") in this matter. I offer this Declaration in support of the Memorandum of Non-Party Air Line Pilots Association, International in Opposition to Motion to Vacate or Modify the Court's Confidentiality Order of August 14-15, 2014. I have personal knowledge of the facts set forth in this Declaration.

2.    Attached hereto as Exhibit 1 is a true and correct copy of an email of December 5, 2014, from Stanley Silverstone, counsel for the Delta Pilots Association ("DPA"), to me, and my response of December 9, 2014 at 12:12 p.m. I did not receive any response to that December 9 email; instead, DPA filed the instant motion later in the day on December 9.

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12th, 2014

By: _____
        Michael Abram

# EXHIBIT 1

# Michael E. Abram

**From:** Abram, Michael, CWS Attorney <mabram@cwsny.com>
**Sent:** Tuesday, December 09, 2014 12:12 PM
**To:** Stanley Silverstone
**Cc:** Luby, Arthur, Assistant Director Representation; Lobsenz, Jim, Legal; Evan R. Hudson-Plush; Nick Granath
**Subject:** DPA v. John Doe

Mr. Silverstone:

I write in response to your email below. Thank you for your courtesy in awaiting a response.

The Court's reference to a stipulation obviously contemplated that DPA would develop, and ALPA would be made aware of, the evidence that would support naming the Delta Pilot in a lawsuit. As our discussion in court made clear, ALPA would not agree to a public disclosure of the name of the Delta Pilot unless DPA could "support that enough" to name him in a lawsuit. ALPA is unaware, however, of any evidentiary basis for DPA to file suit against the Delta Pilot – a suit that, unless filed under seal or anonymously and then served on the Delta Pilot – risks subjecting him to the harassment that led to the original protective order and that Judge Hellerstein in his recent order reasserted was a legitimate concern of the Association. As you know, the Delta Pilot has denied any involvement in the alleged hacking incident in a detailed statement, and DPA never submitted any evidence to the contrary to Judge Hellerstein. In that regard, after ALPA confidentially disclosed the identity of the Delta Pilot to you pursuant to the Protective Order, and notwithstanding your representation to the Court that you intended to depose the pilot, we are aware of no attempt by DPA to notice his deposition. Moreover, DPA has offered no evidence in that proceeding or in the subsequent proceedings on ALPA's emergency motion – such as the "electronic tracks" referenced in your demands for discovery --- that showed or tended to show that he was involved in the alleged hacking incident.

In order for ALPA to properly evaluate DPA's request for a stipulation (and to protect the Delta Pilot from harassment), please provide the evidence supporting DPA's claim that the Delta Pilot is the "John Doe" named in DPA's since-withdrawn complaint.

COHEN
WEISS
SIMON

**Michael E. Abram**
330 West 42nd Street
New York, NY 10036-6979
Tel: 212.356.0208
Fax: 646.473.8208
Cell: 917.592.7453

mabram@cwsny.com | www.cwsny.com

**From:** Stanley Silverstone [mailto:ssilverstone@ssmplaw.com]
**Sent:** Friday, December 05, 2014 10:30 AM
**To:** Michael E. Abram
**Cc:** 'Art Luby'; 'Jim Lobsenz'; Evan R. Hudson-Plush; Nick Granath
**Subject:** DPA v. John Doe

Mr. Abram:

Clearly, the Judge misunderstood when he stated in his decision that "Plaintiff now has evidenced its intent to publicly identify the Delta Pilot by suing him in the state of New York." We never said that. We said that DPA intends to sue the Delta Pilot in his home state -- which we know is not NY.

We seek ALPA's stipulated agreement for DPA to publicly identify the Delta Pilot by suing him in his home state. As you know, Judge Hellerstein stated on Aug. 14, 2014 that "[DPA's President and counsel] will honor the confidentiality until such time as I grant [DPA] permission to change the name of the caption or there is a stipulation to that effect, **which I shouldn't think would be withheld.**" (emphasis added).

Please advise whether ALPA agrees to stipulate or withholds agreement to stipulate to permit DPA to publicly identify the Delta Pilot by suing him in his home state.

Stanley J. Silverstone
Seham, Seham, Meltz & Petersen, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346
Fax: (914) 997-7125
Email: ssilverstone@ssmplaw.com
Website: www.ssmplaw.com

PRIVILEGED AND CONFIDENTIAL INFORMATION
This email transmission is intended only for the use of the individual(s) herein named, and may contain confidential and/or legally privileged information from SEHAM, SEHAM, MELTZ & PETERSEN, LLP. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email/file document is strictly prohibited. If you have received this mail/file document in error, please notify us by telephone so that we can arrange for the return of the document to us at no cost.

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.