Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel. (914) 997-1346

Nicholas P. Granath (*pro hac vice*)
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405
Tel. (612) 341-9080

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE,<br><br>Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**MOTION TO VACATE OR MODIFY CONFIDENTIALITY ORDER** *OR IN THE ALTERNATIVE, TO REOPEN THE CASE* |

Plaintiff, Delta Pilots Association ("DPA"), by and through its undersigned counsel, submits this motion to vacate or modify the August 14, 2014 confidentiality order in order to commence a new action in the federal district in which Defendant John Doe resides. In support of the motion, Plaintiff states as follows:

1.   Pursuant to subpoena, non-party Air Line Pilots Association ("ALPA") produced a statement written by a Delta pilot (the "Delta Pilot") that purports to have direct knowledge related to the website intrusion suffered by DPA. DPA moved to compel ALPA to disclose the name of the Delta Pilot.

*I shall hear This matter on
Jan. 5, 2015, at 10³⁰ a.m.
in Ctroom 14D, on the record.
The court room will be closed.
12-16-14*   *[signature]*

2.      At a hearing on August 14, 2014, this Court ordered that

[DPA] can see the name. [Counsel for ALPA] will give it to [counsel for DPA].
[DPA] will honor the confidentiality. [DPA's President and counsel] will honor
the confidentiality until such time as I grant [DPA] permission to change the
name of the caption or there is a stipulation to that effect, which I shouldn't think
would be withheld. Until then, [DPA] keep it quiet.

Doc. No. 22, *7 (Tr. of Hearing on Mot. to Compel).

3.      The name of the Delta Pilot disclosed by ALPA corroborated other third-party

discovery obtained by DPA that also pointed to the same Delta Pilot as the individual, or one of

the individuals, who appeared to be involved in the website intrusion.

4.      Upon corroborated information, the Delta Pilot does not reside in the State of

New York. Therefore, DPA has no basis to assert that a New York court would have personal

jurisdiction over the Delta Pilot. Accordingly, DPA decided to commence a new action against

the Delta Pilot in his home state, which is *not* New York. For this reason, on September 30,

2014, Plaintiff filed a Notice of Dismissal of this lawsuit. (Doc. No. 25).

5.      On November 24, 2014, this Court issued an order granting ALPA's emergency

motion to enforce the August 14, 2014 protective order.

6.      The November 24, 2014 decision states that "Plaintiff now has evidenced its intent

to publicly identify the Delta Pilot by suing him in the state of New York." (Doc. No. 35, at 2).

However, DPA has never stated that it intended to sue the Delta Pilot in the state of New York.

According to DPA Interim President Tim Caplinger, DPA intends to commence an action against

the Delta Pilot in his home state. (Doc. 31-3, at ¶ 8). As stated above, DPA has information that

the Delta Pilot resides outside the state of New York.

7.      On December 5, 2014, the undersigned DPA counsel sent an email to ALPA

counsel to request ALPA's stipulated agreement to permit DPA to publicly identify the Delta

Pilot by suing him in his home state. DPA counsel reminded ALPA counsel that, in the August

2

14, 2014 order, the Court commented that it "shouldn't think" that ALPA's stipulation would be withheld. However, by email dated December 9, 2014, ALPA's counsel rejected DPA's request.

  8.  DPA seeks an order vacating or modifying the August 14, 2014 confidentiality order to permit DPA to publicly identify the Delta Pilot by commencing an action against the Delta Pilot in the federal district in which the Delta Pilot resides. In the *alternative*, and without waiving any issue, argument, objection or rights, DPA requests that the case be reopened.

  9.  Since DPA believes that the Delta Pilot is not subject to personal jurisdiction in New York, Plaintiff submits that a new action is necessary in the Delta Pilot's home state, and, therefore, Plaintiff respectfully submits that neither a motion to reopen nor a motion to amend the caption of this action is necessary.

  WHEREFORE, Plaintiff DPA requests that the August 14, 2014 confidentiality order be vacated or modified to permit DPA to publicly identify the Delta Pilot by commencing a new action in the federal district in which the Delta Pilot resides.

Dated:  December 9, 2014

      By: */s/ Stanley J. Silverstone*
       Stanley J. Silverstone
       ssilverstone@ssmplaw.com
       Lucas K. Middlebrook
       lmiddlebrook@ssmplaw.com
       SEHAM, SEHAM, MELTZ & PETERSEN, LLP
       445 Hamilton Avenue, Suite 1204
       White Plains, New York 10601
       Tel: (914) 997-1346; Fax: (914) 997-7125

       -and-

Nicholas Granath, *pro hac vice* (Minn. Lic 198729)
ngranath@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN  55405
Tel. (612) 341-9080; Fax (612) 341-9079

*Attorneys for Plaintiff*

4

Judge wrote:

"I shall hear this matter on January 5, 2015, at 10:30 a.m. in Courtroom 14D, on the record.  The courtroom will be closed.

12-16-14
Alvin K. Hellerstein"