UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

DELTA PILOTS ASSOCIATION,          :
                                    :    **ORDER DENYING**
                    Plaintiff,      :    **MOTION TO AMEND**
                                    :    **PROTECTIVE ORDER**
        -against-                   :    **WITHOUT PREJUDICE**
                                    :    **TO MOTION TO AMEND**
JOHN DOE,                           :    **COMPLAINT**
                                    :
                    Defendant.      :    14 Civ. 225 (AKH)
                                    :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Delta Pilots Association ("DPA"), a labor organization, brought this suit

against "John Doe," allegedly a member of the Air Line Pilots Association ("ALPA"), for

allegedly hacking into its website in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §

1030 *et seq.*, causing damage and loss. DPA served subpoenas on ALPA demanding

identification of the Delta Pilot responsible for the hack. On August 14, 2014, I heard argument

and ordered disclosure of the Delta Pilot's identity subject to the limitation that Plaintiff keep the

identity confidential until such time as I grant permission to change the name of the caption.[1]

DPA's attorney, Mr. Silverstone, agreed to this condition.

        Months later, without further discovery or deposition of the disclosed individual,

Plaintiff entered a voluntary dismissal with the intention to file suit against the disclosed

individual in a different court, without seeking leave of this court. Upon ALPA's motion, on

November 24, 2014, I ordered DPA to refrain from disclosing identities, including by initiating

new lawsuits, without first seeking leave from this court pursuant to the protective order.

---

[1] Specifically, I ordered that "[DPA] can see the name. [Counsel for ALPA] will give it to [counsel for DPA]. [DPA] will honor the confidentiality. [DPA's President and counsel] will honor the confidentiality until such time as I grant [DPA] permission to change the name of the caption or there is a stipulation to that effect, which I shouldn't think would be withheld. Until then, [DPA] keep it quiet." *Delta Pilots Ass'n v. John Doe*, 14-cv-225, ECF Doc. No. 22, *7 (Tr. of Hearing on Mot. to Compel).

1

DPA then moved to modify or vacate the protective order or, alternatively, to reopen the case. Its only arguments are that the disclosed individual is not a resident of New York, and that the protective order was intended to be temporary. DPA takes the position that it has freedom to sue whoever and wherever it wishes, and does not have to account to anyone else what information it has to support a lawsuit and prove its allegations.

DPA's motion is denied. The protective order conferring confidentiality remains in effect.[2] DPA obtained discovery in this case pursuant to its allegation that this court had personal jurisdiction, and that it would amend its complaint to replace its "John Doe" allegation with the name of a real person. DPA can do that by proper motion in this court, under seal, showing why it should be entitled to do so pursuant to Rules 15 and 21, Fed. R. Civ. P. Thereafter, the lawsuit will proceed in normal fashion, without a sealing order, unless defendant or ALPA presents sufficient cause for further confidential treatment. If plaintiff wishes to transfer this case to another venue, it will have to move to do so under the Federal Rules of Civil Procedure.

The John Doe defendant, having been identified, ends the basis for ALPA's intervention. It is no longer a party. The Clerk shall mark the motion (Doc. No. 36) terminated, and re-open the case.

SO ORDERED.

Dated:      January 6, 2015
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[2] *See, e.g., Gamble v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) (although generally a plaintiff's voluntary dismissal pursuant to Rule 41(a)(1)(ii) divests the court of its jurisdiction over a case, "[i]t simply does not follow [] that the filing of a stipulation of dismissal divests a court of jurisdiction to . . . modify or vacate its own protective orders.").

2