```
     F15ndela                         Argument


 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   DELTA PILOTS ASSOCIATION,

 4                  Plaintiff,

 5             v.                            14 Civ. 225 (AKH)

 6   JOHN DOE,
                                             Conference
 7                  Defendant.

 8   ------------------------------x

 9                                           New York, N.Y.
                                             January 5, 2015
10                                           11:10 a.m.

11   Before:

12            HON. ALVIN K. HELLERSTEIN

13                                           District Judge

14

15            APPEARANCES

16

17   SEHAM, SEHAM, MELTZ & PETERSEN, LLP
          Attorneys for Plaintiff
18   BY:  STANLEY J. SILVERSTONE

19
     COHEN, WEISS AND SIMON LLP
20        Attorneys for Intervenor Airline Pilots Association
          International
21   BY:  MICHAEL A. ABRAM

22

23

24

25
```

1           (Case called)

2           MR. SILVERSTONE:  Stanley Silverstone for the

3   plaintiff Delta Pilots Association.

4           MR. ABRAM:  Good morning.

5           Michael Abram for intervenor nonparty Air Line Pilots

6   Association.  With me are representatives of the Airline Pilots

7   Association, Jim Lobsenz and Art Luby.

8           THE COURT:  Thank you.

9           MR. ABRAM:  Thank you, your Honor.

10          THE COURT:  Why should the Air Line Pilots Association

11  remain in this case?

12          MR. ABRAM:  Your Honor, we are here only as the

13  protector of the party with whom the protective order was

14  negotiated and to continue to defend the interests that the

15  protective order were intended to defend.

16          THE COURT:  I think at this time, either in the guise

17  of being John doe or under a revealed name, he should have his

18  own lawyer.  I don't know why you are in the case.

19          MR. ABRAM:  We are not here at his lawyer.  He has his

20  own counsel.

21          THE COURT:  I don't know why you should be in the case

22  unless you want to make this a labor dispute and go to the

23  NLRB, which is where you should be.

24          MR. ABRAM:  The DPA wishes to replace ALPA as the

25  representative, and for that purpose they would have to go to

1    the National Mediation Board.  However, in this case, as the
2    Court recognized, ALPA has a continuing interest through the
3    protective order to protect Mr. Doe, the Delta pilot, against
4    harassment.
5             THE COURT:  I will let you do that.  But now we have
6    gone through the initial phase, and I have held that the
7    protective order should remain in effect.  I am going to issue
8    an order to that effect.  I don't see any more room for you.
9             MR. ABRAM:  If the protective order remains in effect,
10   there is no need for us to be present, your Honor.  DPA had
11   moved to set it aside or modify it, and that is why we are
12   here.  It remaining in effect is exactly what we think should
13   happen.  If DPA wishes to sue this individual, they should be
14   able to.  They should be required, as the protective order
15   establishes, to provide the evidence at least to the Court --
16   and we would like to see it, too, but at least to the Court to
17   establish that they have a good-faith basis for naming him,
18   despite his having said that he did not hack the DPA website.
19            THE COURT:  Why do I need to know that?  Rule 11
20   operates to test the good faith of the plaintiff and for
21   defendant for pleadings.  If Mr. Silverstone believes that he
22   has a good-faith basis to sue, he can sue.  The only problem is
23   he's bound by a protective order and he has to reinstate his
24   lawsuit and deal with the protective order.
25            MR. ABRAM:  Understood, your Honor.

1           The parties agreed on August 14 in an agreement that
2    Mr. Silverstone and I reached with your Honor's assistance that
3    DPA would not name this individual whose name we provided to
4    them under that condition without coming back to the Court and
5    providing, at least to the Court, the evidence that established
6    that they do have a good-faith basis.  The Court remembers I'm
7    sure --
8           THE COURT:  I don't think there's anything in the
9    protective order that says they have to demonstrate their
10   evidence.
11          MR. ABRAM:  The Court said in a protective order that,
12   it granted the motion to compel subject to the conditions laid
13   out in our discussion on August 14 in the agreement.
14          We would provide the information until such time as
15   the Court granted permission.  That came about after we had
16   discussed the fact that if they wish to sue him that they would
17   provide whatever evidence they could to the Court, and
18   supposing they could support that enough to name him in their
19   lawsuit, then we ask that they ask the Court for permission to
20   name him, and that they would establish that to the Court's
21   satisfaction.  Otherwise, your Honor, there would have been no
22   need for any of this.  They could have simply said, well, Rule
23   11 operates, and that is all that they ever needed to have.
24          THE COURT: Was there a specific provision, anything
25   in writing?  There is no writing, is there?

1            MR. ABRAM:  The writing is the transcript.

2            THE COURT:  OK.

3            MR. ABRAM:  OK.

4            THE COURT:  What I have is that I ordered that Delta

5   Pilots Association can see the name, that you were to give the

6   name to counsel for Delta Pilots.  Delta Pilots will honor the

7   confidentiality.  Delta Pilots president and counsel will honor

8   the confidentiality until such time as I grant Delta Pilots

9   permission to change the name of the caption when there is a

10  stipulation to that effect, which I shouldn't think would be

11  withheld.  Until then, Delta Pilots is to keep it quiet.

12  That's the whole confidentiality order.  Am I right?

13           MR. ABRAM:  Yes.  But, your Honor, that came after the

14  discussion in which the Court asked us what condition we were

15  asking for, which was that if they wished to, after

16  investigating on their own, whatever relationship they believed

17  the Delta pilot has to the incident, if they believe he's

18  somebody and they can support that enough to name him in their

19  lawsuit, then we ask they ask the Court for permission to name

20  him.

21           THE COURT:  I don't think I ordered that I have to

22  review the facts.  I don't think there is any provision in the

23  Federal Rules of Civil Procedure for a review by the Court

24  before a lawsuit is instituted.

25           MR. ABRAM:  In this situation, your Honor --

1       THE COURT:  I am not going to require it.
2       MR. ABRAM:  May I just be heard on one other aspect of
3  this, your Honor?
4       THE COURT:  Yes.
5       MR. ABRAM:  In this situation, there is a party, Delta
6  Pilots Association, which as part of this discussion on August
7  14 promised the Court that they would take the deposition of
8  this individual, and that that would be the basis upon which
9  they would go forward and make a decision.  They did not take
10 this deposition.  They did not even attempt to subpoena him.
11 Instead, they sent him, they say, letters asking him to please
12 give himself up to them and cooperate with them or they would
13 sue him.  That is what they did in response to this protective
14 order.
15      THE COURT:  So?
16      MR. ABRAM:  The so is that the Court expected them to
17 proceed by subpoenaing him and taking a deposition, and they
18 promised --
19      THE COURT:  That was contemplated, it was not
20 required.
21      MR. ABRAM:  It was what they promised you.
22      THE COURT:  It was not an order.  There is no order to
23 that effect.
24      MR. ABRAM:  I can't dispute that, your Honor, but we
25 are looking at evaluating what should happen at this point.

1     THE COURT:  It may have been your expectation, but I
2  am not ordering it.  And I didn't order it.
3     All right.  Thank you, Mr. Abram.
4     MR. ABRAM:  Thank you, your Honor.
5     THE COURT:  Mr. Silverstone, you dismissed this case.
6     MR. SILVERSTONE:  That is correct, your Honor.
7     THE COURT:  But you want to keep the case?
8     MR. SILVERSTONE:  Not in your courtroom, your Honor.
9     THE COURT:  But you want to relieve yourself of the
10 terms of the confidentiality order?  Are you going to do that
11 without coming back to me?
12    MR. SILVERSTONE:  That's why we filed this motion,
13 your Honor.
14    THE COURT:  That means you want to reopen the case.
15    MR. SILVERSTONE:  It doesn't mean we want to reopen
16 the case, because we don't think the case belongs in this
17 courtroom, because we do not believe that we are going to have
18 personal jurisdiction over the defendant.
19    THE COURT:  Why can't you move to transfer?
20    MR. SILVERSTONE:  That is an option that we discussed,
21 and that option works also.  If we were to reopen this case and
22 then make a motion to transfer it, I think that would be just
23 as good.  The fact is we know that the target defendant, we
24 know he does not reside in the state of New York.
25    THE COURT:  You brought this lawsuit on the assumption

1  he did.
2          MR. SILVERSTONE:  We brought this lawsuit on the
3  basis --
4          THE COURT:  What basis did you have to believe that he
5  was --
6          MR. SILVERSTONE:  First of all, your Honor, we didn't
7  know which individual or individuals were involved in the
8  website intrusion in the first place.
9          THE COURT:  Do you want to look at your complaint?
10 There is nothing conditional in the complaint.
11         MR. SILVERSTONE:  The reason for jurisdiction in New
12 York for the purpose of this action was that the web hosting
13 company's computers are based in New York.  We used that to
14 base jurisdiction for the purpose of conducting discovery, and
15 we did subpoena the web hosting company and received documents
16 from them that have assisted us in identifying the individual
17 who we now --
18         THE COURT:  That is not what you said in the
19 complaint.
20         MR. SILVERSTONE:  Your Honor, if that is not what we
21 have pled in our complaint, then over the course of a year's
22 worth of investigation --
23         THE COURT:  Read paragraph 6:  "Defendant is subject
24 to personal jurisdiction in this district, the United States
25 District Court for the Southern District of New York and the

1  State of New York.  The defendant committed illegal acts within
2  this district and within the state.  The defendant did this by
3  purposefully contacting and using Internet and computer
4  communications," etc.
5           MR. SILVERSTONE:  That is all correct, your Honor.
6  The fact is that --
7           THE COURT:  Then you have jurisdiction.
8           MR. SILVERSTONE:  The fact is we know this
9  defendant --
10          THE COURT:  Then you have jurisdiction.
11          MR. SILVERSTONE:  -- does not reside in this state.
12          THE COURT:  Then you have jurisdiction.  You can't
13 tell me something in your complaint and run away from it.  If
14 you want me to entertain the confidentiality order, reopen your
15 case.  Otherwise it stands.
16          MR. SILVERSTONE:  I'm sorry.  If we?
17          THE COURT:  Do you want to hear that again?
18          Sam, read it back.
19          (Record read)
20          MR. SILVERSTONE:  Our goal in filing this motion, your
21 Honor --
22          THE COURT:  You heard me.
23          MR. SILVERSTONE:  -- to modify the confidential order.
24          If reopening is what we need to do, then we do seek
25 the reopening of the case.

1           THE COURT:  Here's what's going to happen.

2           Delta Pilots will have to make a proper motion in this
3    court, first reopening the case and second asking me to amend
4    to name the proper party, which will be an amendment under Rule
5    15 or Rule 21 or both.

6           If confidentiality is desired, whoever is John doe
7    will have to make a motion to impart confidentiality.
8    Otherwise the case will go forward with a new name.  The motion
9    will be made under seal to protect the confidentiality, subject
10   to being held public by subsequent order.

11          If the plaintiff wishes to transfer the case to
12   another venue, it will do so under the Federal Rules of Civil
13   Procedure and Title 28.

14          OK?

15          MR. SILVERSTONE:  That's fine with us, your Honor.

16          Thank you.

17          THE COURT:  Actually, if you consent to reopen the
18   case, I will just do it by my order.

19          MR. SILVERSTONE:  OK.

20          THE COURT:  OK.  All right, Mr. Abram?

21          MR. ABRAM:  No objection, your Honor.

22          THE COURT:  OK.

23          You are going to be out of the case, Mr. Abram.  I am
24   going to be reluctant to see you go, but you are going to be
25   out of the case because there is no reason John Doe can't have

1   his own lawyer.

2           MR. ABRAM:  Understood, your Honor.

3           THE COURT:  If you want to be his lawyer, you can be

4   his lawyer.

5           MR. ABRAM:  Thank you, your Honor.

6           THE COURT:  Let me ask you folks again.  I will put my

7   question on the record, but you don't have to answer me on the

8   record if you don't want to.

9           This is a labor dispute.  John Doe is incidental to

10  this whole business.  If protection of this kind is required,

11  the NLRB has plenty of power, or the National Mediation Board,

12  I don't know, but someone must have the power to order

13  protection.  Why don't you go to the National Mediation Board,

14  both of you?  What am I going to do for you?  These are just

15  lawsuits and expense.  It is not going to result in anything.

16  Let's suppose you find out he did it.  So what?

17          MR. SILVERSTONE:  There are damages, your Honor.

18          THE COURT:  That is not going to cure your problem.

19  You are not in it to make money on the damages, and I can tell

20  you right now that the damages are not likely to be significant

21  if at all.  What's the point?

22          MR. SILVERSTONE:  The point, your Honor, is that a

23  serious violation of a federal law has occurred, and our client

24  has a right to seek a remedy for that.

25          THE COURT:  Yes.  But if you want to do it for

1   publicity purposes, one condition on this confidentiality order
2   is that you do not.
3              If the case remains with me, there is no likelihood
4   that you will have the ability to publicize this event.  You
5   are here in a lawsuit, not to gain publicity for some other
6   kind of union dispute.
7              MR. SILVERSTONE:  That is not our goal in this
8   lawsuit.
9              THE COURT:  Pardon me for questioning that.
10             MR. SILVERSTONE:  With respect, your Honor, it is not
11  our goal in this lawsuit, but having the case prosecuted with a
12  John Doe defendant is going to impede our efforts to some
13  extent in conducting discovery.
14             THE COURT:  Tell me when this issue comes up.  OK.
15             Anything else, folks?
16             MR. ABRAM:  Nothing, your Honor.  Thank you.
17             THE COURT:  Thank you.
18             MR. SILVERSTONE:  Your Honor, just to clarify, the
19  only motion we need to make right now as I understand it is to
20  amend?
21             THE COURT:  Which you will make under seal.
22             MR. SILVERSTONE:  Correct.
23             THE COURT:  Those papers will name the John Doe,
24  because you will want to change the caption.
25             MR. SILVERSTONE:  Correct.  So the case is reopened,

```
F15ndela                        Argument
```

1   then, as of now?
2            THE COURT:  The case is now reopened.
3            MR. SILVERSTONE:  OK.
4            Thank you, your Honor.
5            THE COURT:  I can tell you, Mr. Abram, there is no
6   need to go to expense and effort when it's unnecessary.  It is
7   very hard to run a case under a John Doe.  There are
8   circumstances, that I think are going to be made out in this
9   case.  I think the protection you need is there.  As I see it
10  now, it's not likely that you will be protected as to identity.
11  You tell his lawyer that you are not going to be his lawyer,
12  that he ought to come up with limitations on what can be done
13  with his identity.
14           MR. ABRAM:  Thank you, your Honor.  With your
15  permission, we will do so.
16           THE COURT:  Yes.  My permission exists.
17           MR. ABRAM:  Thank you.
18           THE COURT:  OK.  Thank you.
19           (Adjourned)
20
21
22
23
24
25