Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>　　　　　　Plaintiff,<br>v.<br>JOHN DOE,<br><br>　　　　　　Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** |

## I)      SUMMARY.

Plaintiff Delta Pilots Association ("DPA") has reached agreement with non-party Squarespace, Inc. ("Squarespace"), through its counsel, for a Stipulated Confidentiality Order, that will provide DPA with access to documents, including electronically stored information, in the possession of web hosting company Squarespace, that may hold critical evidence but that require analysis by a forensic computer expert. However, non-party Squarespace has interests that must be protected. Entry of the Stipulated Confidentiality Order will accomplish DPA's purposes while protecting Squarespace in a manner that is acceptable to Squarespace. DPA submits that this Court has good cause under Rule 26 to enter the Stipulated Confidentiality Order.

## II) FACTS.

Squarespace is a non-party to this litigation that is important to DPA because Squarespace provided (and still provides) computer and web-hosting services to DPA to host and manage DPA's website, which is at the heart of allegations in the Complaint that DPA's website was 'hacked' or intentionally disrupted in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*. ("CFAA"). Digital evidence of that 'hacking,' the manner and scope of the disruption, and the identity of the hackers is the digital equivalent to the 'scene of the crime.' For this reason DPA has retained a forensic computer expert to analyze this information, which Squarespace still retains in anticipation of the entry of the Stipulated Confidentiality Order.

As the Stipulated Confidentiality Order recites, DPA served two subpoenas for production of documents on Squarespace in February and March, 2014, to which Squarespace responded. With the aid of a retained forensic computer expert, DPA served a third subpoena in August 2014. In response to this third subpoena, Squarespace agreed to "produce relevant, nonprivileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena." Squarespace requested, and DPA paid, compensation in the amount of $1,500.00 to lessen the burden of compliance.

Squarespace also required that the documents and digital evidence produced in response to the subpoena be subject to a protective order because Squarespace's compliance with the subpoena could result in the disclosure of trade secrets, confidential research, or sensitive commercial, personal, manufacturing, financial, process, marketing

or business information, or other confidential information within the meaning of Fed. R. Civ. P. 26(c)(7). DPA recognizes that Squarespace's sensitive, confidential information should not be released into the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and Squarespace's privacy interests.

After Squarespace responded to the third subpoena, this action was voluntarily dismissed by Plaintiff on September 30, 2014. [Doc. # 25]. However, the action was reopened on January 7, 2015. [Doc. # 41]. On January 29, 2015, Plaintiff filed a motion under seal to amend the complaint [Doc. # 44], which is pending.

Since the re-opening of the case, DPA and Squarespace have executed a Stipulated Confidentiality Order, which is attached to Plaintiff's Motion for Protective Order, and Plaintiff respectfully seeks its entry by the Court.

### III) ARGUMENT.

**1) Applicable Legal Standard Under Rule 26.**

Under Fed. R. Civ. P. 26(c), a court may "for good cause" issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). The party seeking a protective order bears the burden of proving that good cause exists and that the issuance of such an order is necessary to protect a party or person. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). For

purposes of a protective order, "good cause" is established when a party is able to show that a "clearly defined, specific and serious injury" will occur in the absence of such an order. *See In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (*quoting Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005).

While the burden to show good cause remains on the moving party, the Court cannot simply disregard the impact of such an order on the party seeking to obtain discovery, but rather must balance the interests of all parties in coming to its decision. *Mitchell v. Fishbein*, 227 F.R.D. 239, 245 (S.D.N.Y. 2005) ("the appropriateness of protective relief from discovery depends upon a balancing of the litigation needs of the discovering party and any countervailing protectable interests of the party from whom discovery is sought.") (*quoting Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 496 (S.D.N.Y. 1985)). Ultimately, the decision to grant or deny a protective order lies within the sole discretion of the Court. *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973).

**2)** **<u>Good Cause Exists Based On The Stipulated Confidentiality Order.</u>**

Here there is no objection by Squarespace to DPA's submission of the Stipulated Confidentiality Order. DPA and Squarespace agree that, without the Order, sensitive commercial information could be revealed that could injure DPA. DPA and Squarespace further agree that the Stipulated Confidentiality Order is necessary to protect Squarespace. This is evidence sufficient to find facts showing good cause under Rule 26.

## **CONCLUSION.**

Plaintiff respectfully asks this Court to grant its motion and enter the attached Stipulated Confidentiality Order.

Respectfully submitted,

On: May 26, 2015

By: */s/ Stanley J. Silverstone*
Stanley J. Silverstone, Esq.
ssilverstone@ssmplaw.com
Lucas K. Middlebrook, Esq.
lmiddlebrook@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel. (914) 997-1346; Fax (914) 997-7125

Nicholas Granath (*pro hac vice*)
ngranath@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405
Tel. (612) 341-9080; Fax (612) 341-9079

*Attorneys for Plaintiff*
*Delta Pilots Association*