

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| DELTA PILOTS ASSOCIATION, |
| Plaintiff, |
| v. |
| JOHN DOE, |
| Defendant(s). |

Civil Action No.: 1:14-cv-00225-AKH

## STIPULATED CONFIDENTIALITY ORDER

WHEREAS in the matter of *Delta Pilots Association v. John Doe* (United States District Court for the Southern District of New York, Case No. 1:14-cv-00225-AKH), Plaintiff, the Delta Pilots Association ("DPA"), served a third subpoena for production of documents, dated July 31, 2014, on non-party Squarespace, Inc.;

WHEREAS Squarespace has already responded to, searched for, and provided documents in response to two subpoenas served on it by DPA in February and March 2014;

WHEREAS it is the mutual desire of DPA and Squarespace to lessen the burden of production on Squarespace; and

WHEREAS Squarespace has undertaken efforts to comply with the subpoena; and

WHEREAS in consideration for its efforts DPA has paid Squarespace one thousand five hundred dollars ($1,500.00);

WHEREAS DPA and Squarespace recognize that during the course of this action, parties or nonparties may be required to disclose trade secrets, confidential research, or

sensitive commercial, personal, manufacturing, financial, process, marketing or business information, or other confidential information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure;

WHEREAS such sensitive information should not be released into the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties and non-parties;

WHEREAS DPA and Squarespace have, through counsel, agreed to be bound by and stipulated to the entry of this Confidentiality Order pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS, the Court has found that an order should be entered regarding the treatment and disclosure of confidential information during these proceedings;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

1.      All documents and other information produced by Squarespace to DPA in response to DPA's Subpoena to Produce Documents dated July 31, 2014 (the "Third Subpoena") shall be used only as provided in this Stipulated Confidentiality Order ("Confidentiality Order").

2.      Squarespace may designate upon production any documents or information produced in response to the Subpoena that it, in good faith, believes contain confidential and/or proprietary information, business information, personnel information, trade secrets, and/or information subject to a legally protected right of privacy (hereinafter "Information") as "Confidential" Information.

3.     Information produced by Squarespace in response to the Subpoena that has been marked as "Confidential" shall not be disclosed, discussed with, or used by anyone except:

(a)     Attorneys of record for DPA, and the employees of such attorneys of record;

(b)     Independent experts retained by DPA for the purpose of assisting DPA and its attorneys in this case;

(c)     DPA Interim President Tim Caplinger; and

(d)     This Court and its personnel.

4.     If DPA receives a subpoena or other compulsory process from a non-party to this Confidentiality Order seeking production or other disclosure of "Confidential" Information, DPA shall give written and telephone notice to counsel for Squarespace within two business days after receipt of the subpoena or other compulsory process identifying the materials sought and enclosing a copy of the subpoena or other compulsory process. Written notice shall be provided by email and overnight mail service.

5.     No person receiving Information designated "Confidential" shall disclose such "Confidential" Information or any information contained therein to any person who is not entitled to receive such "Confidential" Information under paragraph 3 hereof or otherwise make use of such "Confidential" Information or the information contained therein for any purpose other than solely for the prosecution or defense of this litigation.

6.     Nothing herein shall prohibit DPA from:

(A)     Using Information designated "Confidential," or from referring to or reciting any "Confidential" information contained in such materials, to or in a court, at any trial or hearing, subject to the limitations and restrictions of this Confidentiality Order and any further order regarding confidentiality that the Court may enter.  This Confidentiality Order governs the use of such material at trial.  Such material shall remain confidential at trial, and during any appeals of this action and may not be used for any purpose or in any manner other than as permitted by this Confidentiality Order or by further order of the Court.  At the request of an interested party, any person(s) not permitted access to "Confidential" Information under this Confidentiality Order may be barred from attending any portion of trial, any motion hearing, or depositions at which "Confidential" Information is revealed, subject to any further order regarding confidentiality as this Court may enter; or

(B)     Including such "Confidential" Information or information contained therein with any papers submitted to this Court in this action which shall be filed under seal with the Court.  The Clerk of this Court is directed to maintain under seal all documents filed under seal with the Court in this litigation which have been designated, in whole or in part as "Confidential" Information.

7.     If DPA objects to the designation of any Information as "Confidential," it shall state the objection by writing to counsel for Squarespace.  If the parties are then unable to resolve the objection, DPA may move the Court to do so.  Until the Court rules

on any such motion, the Confidential Information shall continue to be treated as

Confidential Information under the terms of this Confidentiality Order.

8.     Upon final termination of this action, all "Confidential" Information,

including all copies, abstracts, summaries, documents or materials containing information

taken from them, shall be either returned to counsel for the designating party, or

destroyed.

Stanley J. Silverstone, Esq.
Seham, Seham, Meltz & Petersen, LLP
Attorneys for Plaintiff DPA
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel. (914) 997-1346

Date: May 8, 2015

Timur Slonim, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C.
Attorneys for Squarespace, Inc.
666 Third Avenue
New York, NY 10017
Tel. (212) 692-6704

Date: May 11, 2015

SO ORDERED this 28 day of May, 2015.

United States District Judge

5