UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
DELTA PILOTS ASSOCIATION,                                     :
                                                             :
                                       Plaintiff,            :
                                                             :
                -against-                                    :
                                                             :
RUSSELL C. MELVIN,                                           :
                                                             :
                                       Defendant.            :
                                                             :
------------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-5-2017

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS AND GRANTING
PLAINTIFF'S MOTION TO
AMEND THE COMPLAINT**

14 Civ. 225 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Defendant Russell Melvin moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's First Amended Complaint (FAC) brought under the Computer Fraud and Abuse Act (CFAA), asserting that plaintiff's claims are barred by the law's two-year statute of limitations. *See* ECF 67 (Defendant's Motion to Dismiss). Plaintiff responds by filing a cross-motion to amend the Complaint. *See* ECF 74 (Plaintiff's Motion to Amend). For the reasons below, plaintiff's motion is granted and defendant's motion is denied without prejudice.

## I.  FACTS

       Plaintiff originally brought this action on January 13, 2014 against John Doe, a purported member of the Air Line Pilots Association (ALPA), under § 1030(a)(5)(A)–(C) of the CFAA, for allegedly hacking into its website in November 2013. On January 29, 2014, the Court authorized plaintiff to take discovery on third-parties, including ALPA, to identify John Doe, which yielded the identity of defendant Russell Melvin in August 2014. As a result, the Court gave leave to plaintiff to file a motion under Fed. R. Civ. P. 15 and 21 to "amend its complaint to replace its 'John Doe' allegation with the name of a real person." ECF 41, at 2. Plaintiff made this motion on January 29, 2015. *See* ECF 44.

The Court granted plaintiff's motion, and instructed plaintiff "to file an amended complaint adding Russell C. Melvin as a party defendant, and drop[] the unidentified name 'John Doe.'" ECF 50. Plaintiff filed a First Amended Complaint in conformity with the Court's order on October 26, 2016, and defendant was served on November 3, 2016. Defendant responded with the instant motion to dismiss on December 13, 2016, and plaintiff filed its motion to amend on December 27, 2016.

## II. DISCUSSION

Fed. R. Civ. P. 15(a)(1)(B) provides that a party may amend its pleading as a matter of course within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's motion is well within the ambit of Rule 15(a)(1)(B) because it was filed fourteen days after defendant made its responsive motion to dismiss. Furthermore, that plaintiff, pursuant to the Court's order, already amended its complaint for the sole purpose of identifying defendant in the caption does not prohibit it from filing a Second Amended Complaint, as "justice so requires." Fed. R. Civ. P. 15(a)(2); *see S.S. Silberblatt, Inc. v. E. Harlem Pilot Block- -Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979) ("[I]f the plaintiff has at least colorable grounds for relief, justice does so require [leave to amend a complaint] unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party." (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962))).

Defendant's argument that plaintiff's amendment, filed almost three years after the commencement of this action, is outside the CFAA's two-year statute of limitations misunderstands the procedural posture of this case. Defendant's motion to name defendant in the caption was filed on January 29, 2015—fifteen months after the alleged misconduct— thereby tolling the statute of limitations until the motion was granted on October 20, 2016. *See,*

*e.g.*, *Johnson v. U.S. Dep't of Homeland Sec.*, 2010 WL 1486910, at *1 (N.D.N.Y. Apr. 14,

2010) ("[T]he filing of a motion for leave to file an amended complaint tolls the statute of

limitations even though the amended complaint will not be filed under after the court rules on the

motion.").

### III. CONCLUSION

              For the aforementioned reasons, plaintiff's motion to amend the complaint is

granted and defendant's motion to dismiss is denied as academic and without prejudice. Plaintiff

shall file a Second Amended Complaint by April 24, 2017. The Clerk shall terminate the

motions (ECF 67 and 74), and the oral argument scheduled for April 6, 2017 at 11:00 a.m. is

canceled.

              SO ORDERED.

Dated: New York, New York
      April 5, 2017

                                   ALVIN K. HELLERSTEIN
                                   United States District Judge