# **<u>Exhibit 10</u>**

To Declaration Of Nicholas Paul Granath
In Support Of
"Plaintiff's Memorandum Of Law Opposing Defendant's Motion For Summary Judgment."

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

DELTA PILOTS ASSOCIATION,
a labor organization incorporated in Florida )
　　　　　　　　*Plaintiff* )
　　　　　　v. )　　Civil Action No.　1:14-cv-00225-AKH
JOHN DOE, )
an individual )
　　　　　　　　*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:　　VegasNAP LLC, DBA Fiberhub, 1110 Palms Airport Drive, Suite 110
　　　Las Vegas, NV 89119 (email info@fiberhub.com; Tel 702 487-3838)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　See attached EXHIBIT A for complete iteration of document requests.

| Place: Seham, Seham, Meltz & Petersen, LLP<br>445 Hamilton Avenue, Suite 1204<br>White Plains, New York 10601 | Date and Time:<br>Within 14 days of service of this Subpoena. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____, 2014

CLERK OF COURT

OR

_____　　　　　_____
*Signature of Clerk or Deputy Clerk*　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Delta Pilots Asc.
Stanley J. Silverstone, (914) 997-1346, ssilverstone@ssmplaw.com　, who issues or requests this subpoena, are:
Seham, Seham, Meltz & Petersen, 445 Hamilton Avenue, Suite 1204, White Plains, New York 10601

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DPA 204

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14-cv-00225-AKH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

DPA 205

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br>    a labor organization<br>    incorporated in Florida<br>                              Plaintiff<br><br>v.<br><br>JOHN DOE,<br>    an individual<br>                              Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**EXHIBIT A<br>TO PLAINTIFF'S<br>RULE 45 SUBPOENA** |

To:   **VegasNAP LLC, DBA Fiberhub, 1110 Palms Airport Drive, Suite 110, Las Vegas, NV 89119, email info@fiberhub.com, Tel 702 487-3838.**

Pursuant to Federal Rule Of Civil Procedure Rule 45, Plaintiff in the above-captioned action, the Delta Pilots Association, through their attorneys, Seham, Seham, Meltz & Petersen, LLP, hereby serves the attached subpoena with this Exhibit A for production of documents, information, or objects or to permit inspection of premises in a civil action.

### I.  DEFINITIONS

The term "**Plaintiff**" shall mean the Delta Pilots Association ("DPA"), including counsel for the plaintiff.

The term "**counsel for Plaintiff**" shall mean Seham, Seham, Meltz & Petersen, LLP, Attn. Stanley J. Silverstone, Esq., Seham, Seham, Meltz & Petersen, LLP, 445 Hamilton Avenue, Suite 1204, White Plains, New York 10601, Tel. (914) 997-1346, Fax: (914) 997-7125, email: ssilverstone@ssmplaw.com.

The term "**you**" or "**party subject to subpoena**" shall mean VegasNAP LLC, DBA Fiberhub, 1110 Palms Airport Drive, Suite 110, Las Vegas, NV 89119, email info@fiberhub.com; Tel 702 487-3838, including any of its officers, employees, agents, or representatives.

The term "**counsel for party subject to subpoena**" shall mean any attorney responding on behalf of the party subject to subpoena.

The term "**Defendant**" shall mean John Doe.

The term "**issuing court**" shall mean the United States District Court Southern District Of New York.

The abbreviation "**Fed. R. Civ. P.**" indicates the most current version of the federal Rules of Civil Procedure, including the local rules of the issuing court.

The word "**document**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a) and 45(e)(1)(A).

The term "**electronically stored information**" or "**ESI**" shall have the same meaning as provided in Fed. R. Civ. P. 34, and Fed. R. Civ. P. 45.

The term "**responsive document**" shall mean both documents or electronically stored information that satisfies any specific request in this Exhibit A, herein below.

The term "**produce**" shall mean the same manner as required or allowed in Fed. R. Civ. P. 45(e), however the form for producing electronically stored information shall <u>either</u> be in hard-copy (paper) form <u>or</u> in digital pdf formatted files. Production of non-ESI documents may be made in the same manner. Also, see Specific Instructions herein below.

The term "**writing**" shall have the same meaning as in the Federal Rules Of Evidence Rule 1001(a).

The term "**recording**" shall have the same meaning as "duplicate" in the Federal Rules Of Evidence Rule 1001(b).

The term "**photograph**" shall have the same meaning as in the Federal Rules Of Evidence Rule 1001(c).

The term "**original**" shall have the same meaning as in the Federal Rules Of Evidence Rule 1001(d).

The term "**copy**" shall have the same meaning as "duplicate" in the Federal Rules Of Evidence Rule 1001(e).

The term "**possession, custody or control**" shall mean documents that you actually possess, or that you have a legal right or claim to obtain on demand, or that are held by your attorney, expert, insurance company, accountant, spouse, contractor, or agent, or that are held by your subsidiary, affiliated corporation or branch office, or that are owned by a third person but possessed by you, or that you may release by providing authorization.

The term "**tangible thing**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a)(1)(B).

The term "**day**" shall mean calendar days (not work days).

The term "**related to**" (or any form thereof) shall have as broad an application, but not broader, than the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1). Subject to this, this term includes: constituting, consisting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. This term necessarily also includes information that is in opposition to, as well as in support of, the position(s) and claim(s) of Plaintiff in this action.

The term "**communication**" means any manner or form of information, memorandum or notes or message transmission, however produced or reproduced, whether by 'document' as herein defined or orally or otherwise, which is made in your name or in concert with others, or which is distributed or circulated between or among persons, or data storage or processing units and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication as herein defined.

As used herein, '**and**' as well as '**or**' shall be construed either disjunctively or conjunctively as necessary to bring documents within the scope of this Request for Production which might otherwise be construed to be outside its scope.

As used herein, "**any**" shall mean any or all.

## II.  SPECIFIC INSTRUCTIONS

TIME OF RESPONSIVE ANSWER:

As specified the time on the Rule 45 Subpoena, within 14 days of service of the Subpoena.


TIME, PLACE, MANNER OF INSPECION OR PRODUCTION:

*Unless otherwise mutually agreed to between counsel for Plaintiff and the party subject to subpoena*:

> Manner: By producing <u>copies</u> of responsive documents to the place designated herein below.
>
> Place:   The office of Plaintiff's counsel.

FORM OF PRODUCED ELECTRONICALLY STORED (ESI) INFORMATION:

In <u>lieu of</u> the digital form in which you ordinarily maintain it, the form for producing electronically stored information shall <u>either</u> be in hard-copy (paper) form <u>or</u> in digital pdf formatted files. Production of non-ESI documents may be made in the same manner.

### III.  GENERAL INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 45(d)(2)(A), if you intend to withhold from production any document or ESI information that is responsive to any specific requests herein below, based on a claim of privilege or protection as trial-preparation then material you must provide the information stated in Fed. R. Civ. P. 45(e)(2)(A).

If any document or ESI information that would have been responsive to the specific requests below has been <u>destroyed, deleted or for any reason is no longer in your possession, custody or control</u>, provide the following information, if known:

- The date of the document/information;
- The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;
- The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, custody or control; and
- The circumstances surrounding the loss of the document or the reason for its destruction.

If you claim any other basis for objecting to responding or producing responsive documents or information then you are directed to comply with Fed. R. Civ. P. 45(d).

TAKE NOTICE, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), that Plaintiff reserves the right to, at any time, move the issuing Court for an order to compel production or inspection.

### III.  SPECIFIC REQUESTS.

Pursuant to Court Order dated <u>January 29, 2014</u>, issued by the United States District Court for the Southern District of New York and signed by United States District Judge, The Honorable <u>Alvin K. Hellerstein</u> (attached hereto), and pursuant to Fed. R. Civ. P. 45(a)(1)(C), you are hereby commanded to provide responsive documents to these specific requests:

**Specific Request No. 1:**

> **Documents identifying the subscriber information, including name, current and permanent addresses, telephone numbers, and any e-mail addresses for each and every subscriber associated with the IP address 204.77.14.153.**

**Specific Request No. 2:**

> **Produce documents containing or describing subscriber activity log files for IP Address 204.77.14.153 on November 9, 2013, at or near the time of 21:45:30 GMT.**

**Specific Request No. 3:**

> **Produce documents containing or describing subscriber activity log files for IP Address 204.77.14.153 on November 9, 2013, at or near the time of 21:45:17 GMT.**

**Specific Request No. 4:**

> **Produce documents containing or describing subscriber activity log files for IP Address 204.77.14.153 on November 9, 2013, at or near the time of 21:36:23 GMT.**

Dated:        White Plains, New York
              <u>February 24, 2014</u>

      SEHAM, SEHAM, MELTZ & PETERSEN, LLP


 By: ***/s/ Stanley J. Silverstone***
   Stanley J. Silverstone, Esq.
   Lucas K. Middlebrook, Esq.
   445 Hamilton Avenue, Suite 1204
   White Plains, New York 10601
   Tel: (914) 997-1346
   Fax: (914) 997-7125
   Email: ssilverstone@ssmplaw.com

   Nicholas Paul Granath, Esq.
   2915 Wayzata Blvd.
   Minneapolis, Minnesota 55405
   Tel. (612) 341-9080
   Fax (612) 341-9079
   Email: ngranath@ssmplaw.com

   *Attorneys for Plaintiff*

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiff*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br>    a labor organization<br>    incorporated in Florida<br>                           Plaintiff<br><br>v.<br><br>JOHN DOE,<br>    an individual<br>                            Defendant. | Civil Action No.: 1:14-cv-00225-AKH |

## [PROPOSED] ORDER GRANTING MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiff's Motion for Leave to Take Immediate Discovery, the pleadings filed in this action, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiff may serve immediate discovery upon third-parties in order to identify defendant John Doe.

DATED: January 28, 2014

Hon. Alvin K. Hellerstein
United States District Judge