# **Exhibit 22**

To Declaration Of Nicholas Paul Granath
In Support Of
"Plaintiff's Memorandum Of Law Opposing Defendant's Motion For Summary Judgment."

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| DELTA PILOTS ASSOCIATION ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:14-CV-00225-AKH |
| JOHN DOE ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: SQUARESPACE, INC., 459 Broadway, 5th Floor, New York, NY 10013
Tel. (646) 580-3456

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached EXHIBIT A for complete list of document requests.

| Place: Seham, Seham, Meltz & Petersen, LLP<br>445 Hamilton Avenue, Suite 1204<br>White Plains, NY 10601 | Date and Time:<br>09/03/2014 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/31/2014

CLERK OF COURT

_____     OR     *[signature]*
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Delta Pilots Ass'n _____, who issues or requests this subpoena, are:

Stanley Silverstone, 445 Hamilton Ave. White Plains, NY 10601; Tel. 914-997-1346; Email-ssilverstone@ssmplaw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DPA 305

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:14-CV-00225-AKH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

DPA 306

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>                    Plaintiff<br><br>       v.<br><br>JOHN DOE,<br><br>                    Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**EXHIBIT A**<br>**TO PLAINTIFF'S**<br>**RULE 45 SUBPOENA** |

To: **SQUARESPACE, INC., 459 BROADWAY, 5TH FLOOR, NEW YORK, NEW YORK, 10013, Tel. (646) 580-3456.**

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff in the above-captioned action, the Delta Pilots Association, through its attorneys, Seham, Seham, Meltz & Petersen, LLP, hereby serves the attached subpoena with this Exhibit A for production of documents, information, or objects or to permit inspection of premises in a civil action.

### I.  DEFINITIONS

The term "**Plaintiff**" shall mean the Delta Pilots Association ("DPA"), including counsel for the plaintiff.

The term "**counsel for Plaintiff**" shall mean Seham, Seham, Meltz & Petersen, LLP, Attn. Stanley J. Silverstone, Esq., 445 Hamilton Avenue, Suite 1204, White Plains, New York 10601, Tel: (914) 997-1346; Fax: (914) 997-7125; Email: SSilverstone@ssmplaw.com.

The term "**you**" or "**party subject to subpoena**" shall mean SquareSpace, Inc., 459 Broadway, 5th Floor, New York, New York, 10013, Tel. (646) 580-3456, including any of its officers, employees, agents, or representatives.

The term "**counsel for party subject to subpoena**" shall mean any attorney responding on behalf of the party subject to subpoena.

The term "**Defendant**" shall mean John Doe.

The term "**issuing court**" shall mean the United States District Court for the Southern District Of New York.

The abbreviation "**Fed. R. Civ. P.**" indicates the most current version of the federal Rules of Civil Procedure, including the local rules of the issuing court.

The word "**document**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a) and 45(e)(1)(A).

The term "**electronically stored information**" or "**ESI**" shall have the same meaning as provided in Fed. R. Civ. P. 34, and Fed. R. Civ. P. 45.

The term "**responsive document**" shall mean both documents or electronically stored information that satisfies any specific request in this Exhibit A, herein below.

The term "**produce**" shall mean the same manner as required or allowed in Fed. R. Civ. P. 45(e), however the form for producing electronically stored information shall either be in hard-copy (paper) form or in digital pdf formatted files.  Production of non-ESI documents may be made in the same manner.  Also, see Specific Instructions herein below.

The term "**writing**" shall have the same meaning as in the Federal Rules of Evidence Rule 1001(a).

The term "**recording**" shall have the same meaning as "duplicate" in the Federal Rules of Evidence Rule 1001(b).

The term "**photograph**" shall have the same meaning as in the Federal Rules Of Evidence Rule 1001(c).

The term "**original**" shall have the same meaning as in the Federal Rules of Evidence Rule 1001(d).

The term "**copy**" shall have the same meaning as "duplicate" in the Federal Rules of Evidence Rule 1001(e).

The term "**possession, custody or control**" shall mean documents that you actually possess, or that you have a legal right or claim to obtain on demand, or that are held by your attorney, expert, insurance company, accountant, spouse, contractor, or agent, or that are held by your subsidiary, affiliated corporation or branch office, or that are owned by a third person but possessed by you, or that you may release by providing authorization.

The term "**tangible thing**" shall have the same meaning as provided in Fed. R. Civ. P. 34(a)(1)(B).

The term "**day**" shall mean calendar days (not work days).

The term "**related to**" (or any form thereof) shall have as broad an application, but not broader, than the scope of discovery allowed under Fed. R. Civ. P. 26(b)(1). Subject to this, this term includes: constituting, consisting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. This term necessarily also includes information that is in opposition to, as well as in support of, the position(s) and claim(s) of Plaintiff in this action.

The term "**communication**" means any manner or form of information, memorandum or notes or message transmission, however produced or reproduced, whether by 'document' as herein defined or orally or otherwise, which is made in your name or in concert with others, or which is distributed or circulated between or among persons, or data storage or processing units and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly to, a communication as herein defined.

As used herein, '**and**' as well as '**or**' shall be construed either disjunctively or conjunctively as necessary to bring documents within the scope of this Request for Production which might otherwise be construed to be outside its scope.

As used herein, "**any**" shall mean any or all.

## II.  SPECIFIC INSTRUCTIONS

**TIME OF RESPONSIVE ANSWER:**

As specified on the Rule 45 Subpoena, by 5:00 PM on September 3, 2014.

**TIME, PLACE, MANNER OF INSPECION OR PRODUCTION:**

*Unless otherwise mutually agreed to between counsel for Plaintiff and the party subject to subpoena*:

    Manner: By producing responsive documents to the place designated herein below.

3

DPA 310

Place: The office of Plaintiff's counsel.

## FORM OF PRODUCED ELECTRONICALLY STORED (ESI) INFORMATION:

The form for producing electronically stored information (ESI) shall be in the same digital form or forms in which it is ordinarily maintained. You should not produce ESI using methods that remove or degrade the ability to search it by electronic means or make it difficult or burdensome to access or use the information efficiently in litigation. This native form of production shall be used for each individual, discrete item produced to include documents, messages, reports, logs, etc.

**The responsive time period or calendar scope for all specific requests for ESI production shall begin on January 1, 2013 and extend through December 31, 2013.**

Documents shall be produced with both systems and application metadata intact including Microsoft Office documents and PDF documents. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to produce ESI.

E-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. Electronic mail metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

Chat session logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

The SquareSpace privacy policy states that account data is retained as long as an account is active and needed to provide service to that account. It also says that account data is retained for legal reasons. Therefore, SquareSpace backup or archive media generated in 2013 shall be searched and extracted for production purposes when responsive data requested is unavailable for production from more accessible data sources, e.g., active, operational data stores.

Identification for foundation purposes shall be provided for all items produced (documents, messages, reports, logs, etc.) to include the following elements: Title, author's name, author's role or title, author's organization, and date and time stamps.

### III.  GENERAL INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 45(d)(2)(A), if you intend to withhold from production any document or ESI information that is responsive to any specific requests herein below, based on a claim of privilege or protection as trial-preparation then material you must provide the information stated in Fed. R. Civ. P. 45(e)(2)(A).

If any document or ESI information that would have been responsive to the specific requests below has been <u>destroyed, deleted or for any reason is no longer in your possession, custody or control</u>, provide the following information, if known:

- The date of the document/information;
- The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;
- The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, custody or control; and
- The circumstances surrounding the loss of the document or the reason for its destruction.

If you claim any other basis for objecting to responding or producing responsive documents or information then you are directed to comply with Fed. R. Civ. P. 45(d).

TAKE NOTICE, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), that Plaintiff reserves the right to, at any time, move the issuing Court for an order to compel production or inspection.

### III.  SPECIFIC REQUESTS.

### Specific Requests for Domain Account - delta-pilots.org

**Specific Request No. 1:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN  38138
Tel.: (901) 209-9359
        (901) 871-7877
        (616) 669-9359
E-mail: Russrussell@russellmelvin.com
          admin@russellmelvin.com
          cpaige@airmota.org

**Specific Request No. 2:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS  67205
Tel.: (316) 371-9097
E-mail: mark_mcclain@cox.net

Also, for domain account delta-pilots.org, produce the three e-mail messages that were produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

**Specific Request No. 3:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Donald A. Harte
245 3rd Ave SE
Atlanta, GA  30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

Also, for domain account delta-pilots.org produce the one e-mail message that was produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

**Specific Request No. 4:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN  55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

**Specific Request No. 5:**

For domain account delta-pilots.org, produce customer service and technical support records of passwords sent to all registered and unregistered domain owners and administrators in 2013 from backup or archival media, if unavailable for production from more accessible data sources.  If records take the form of e-mail messages, produce with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  If records take the form of chat logs, produce with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

**Specific Request No. 6:**

For domain account delta-pilots.org, produce the three expired screencast prints identified below from the second SquareSpace subpoena request that show SquareSpace support call documentation from 2013.  Search and produce responsive documents from backup and archive media, if unavailable for production from more accessible data sources. Include date and time stamps to show when screencast prints were captured and when they expired.

Expired Screencast Prints:

Specific Request No. 8:
Screencast print for: http://screencast.com/t/DkwnNaTP
Specific Request No. 9:
Screencast print for: http://screencast.com/t/Z50/7UjG
Specific Request No. 11:
Screencast print for: http://screencast.com/t/cs/S2Aalm

**Specific Request No. 7:**

For domain account delta-pilots.org, produce domain account login and logout activity for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 8:**

For domain account delta-pilots.org, produce network access and server activity logs for all of 2013 activity from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 9:**

For domain account delta-pilots.org, produce detailed activity records (spreadsheets) for all of 2013 activity and domain account traffic from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 10:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN  38138

Tel.: (901) 209-9359
     (901) 871-7877
     (616) 669-9359
E-mail: Russrussell@russellmelvin.com
        admin@russellmelvin.com
        cpaige@airmota.org

**Specific Request No. 11:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS  67205
Tel.: (316) 371-9097
E-mail: mark_mcclain@cox.net

**Specific Request No. 12:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Donald A. Harte
245 3rd Ave SE
Atlanta, GA  30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

**Specific Request No. 13:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN  55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

**Specific Request No. 14:**

For domain account delta-pilots.org, produce for Elliot Nelson Bradshaw as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Elliot Nelson Bradshaw
1112 40th St
Bellingham, WA 98229
Tel.: (360) 305-0713
E-mail: ebradsha@gmail.com

**Specific Request No. 15:**

For domain account delta-pilots.org, produce domain account login and logout activity that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

**Specific Request No. 16:**

For domain account delta-pilots.org, produce network access and server activity log entries that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24

199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

DPA 318

**Specific Requests for Domain Account - deltapilot.org**

**Specific Request No. 17:**

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN  38138
Tel.: (901) 209-9359
         (901) 871-7877
         (616) 669-9359
E-mail: Russrussell@russellmelvin.com
            admin@russellmelvin.com
            cpaige@airmota.org

**Specific Request No. 18:**

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS  67205
Tel.: (316) 371-9097
E-mail: mark_mcclain@cox.net

Also, for domain account deltapilot.org, produce the three e-mail messages that were produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

**Specific Request No. 19:**

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with

all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Donald A. Harte
245 3rd Ave SE
Atlanta, GA  30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

Also, for domain account deltapilot.org, produce the one e-mail message that was produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

**Specific Request No. 20:**

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN  55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

**Specific Request No. 21:**

For domain account deltapilot.org, produce domain account login and logout activity for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 22:**

For domain account deltapilot.org, produce network access and server activity logs for all of 2013 activity from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 23:**

For domain account deltapilot.org, produce detailed activity records (spreadsheets) for all of 2013 activity and domain account traffic from backup or archival media, if unavailable for

production from more accessible data sources.  Records are similar to spreadsheet produced reporting on eight days in 2014 in response to second SquareSpace Request for Production.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Specific Request No. 24:**

For domain account deltapilot.org, produce for Elliot Nelson Bradshaw as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets.  All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.  All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Elliot Nelson Bradshaw
1112 40th St
Bellingham, WA  98229
Tel.: (360) 305-0713
E-mail: ebradsha@gmail.com

**Specific Request No. 25:**

For domain account deltapilot.org, produce domain account login and logout activity that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

**Specific Request No. 26:**

For domain account deltapilot.org, produce network access and server activity log entries that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources.  Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

Dated:         White Plains, New York
               July 31, 2014

                        SEHAM, SEHAM, MELTZ & PETERSEN, LLP

               By: */s/ Stanley J. Silverstone*
                  Stanley J. Silverstone, Esq.
                  ssilverstone@ssmplaw.com
                  Lucas K. Middlebrook, Esq.
                  lmiddlebrook@ssmplaw.com
                  445 Hamilton Avenue, Suite 1204
                  White Plains, New York 10601
                  Tel: (914) 997-1346; Fax: (914) 997-7125

                  *Attorneys for Plaintiff*