# **Exhibit 23**

To Declaration Of Nicholas Paul Granath
In Support Of
"Plaintiff's Memorandum Of Law Opposing Defendant's Motion For Summary Judgment."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>       Plaintiff<br><br>       vs.<br><br>JOHN DOE<br><br>       Defendant(s) | Civil Action No.: 1:14-cv-00225-AKH |

### NON-PARTY SQUARESPACE'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S RULE 45 SUBPOENA

Non-party Squarespace, Inc. ("Squarespace"), by and through its attorneys Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C., responds to Plaintiff Delta Pilots Association ("Plaintiff") Third Rule 45 Subpoena Subpoena and Document Requests (Nos. 1-26) therein as follows:

### GENERAL OBJECTIONS

1.      Non-party Squarespace objects generally to each document request to the extent it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information, including, without limitation, by seeking "all" documents relating to a given subject.

2.      Non-party Squarespace objects generally to each document request to the extent that it calls for information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection.

3.      Non-party Squarespace objects generally to each document request to the extent they seek documents containing confidential information, including that of third parties, without the protection of an appropriate Protective Order. Non-party Squarespace

will not produce such documents until it is provided with a copy of a Protective Order entered by the Court.

    4.    Non-party Squarespace objects generally to each document request to the extent it requires legal conclusions, legal analysis, or expert opinion.

    5.    Non-party Squarespace objects generally to each document request to the extent that it seeks information that is not in Non-party Squarespace's possession, custody, or control.

    6.    Non-party Squarespace objects generally to each document request to the extent that it requests documents starting from January 1, 2013 and extending through the whole year to December 31, 2013 as such documents are unduly burdensome to search for and collect.

    7.    Non-party Squarespace objects generally to these 26 requests as unduly burdensome as Plaintiff already served 23 requests for a grand total of 49 requests for production of documents, an excessive number of requests for non-party discovery.

    8.    ~~Non-party Squarespace objects to the definition of, and instructions for, the~~ terms "You" and "Your" as vague and ambiguous, and the requests using these terms as overly broad and unduly burdensome to the extent "You" and "Your" include representatives, agents, and attorneys.

    9.    Non-party Squarespace objects to the instruction requiring production of electronically stored information in native file format. Most of Squarespace's files are maintained under proprietary software which has limited capabilities to create standalone native files which would still be readable outside such proprietary systems. Squarespace will produce its documents in single-page tiff format as requested.

DPA 324

10.     Non-party Squarespace objects generally to each document request, definition, or instruction to the extent that it purports to impose upon Non-party Squarespace any obligation beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

11.     By answering these requests, Non-party Squarespace does not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

12.     Non-party Squarespace does not waive any of its potential defenses or claims by answering these requests.

13.     Non-party Squarespace does not hereby admit, adopt, or acquiesce to any factual or legal contention, assertion or characterization that is contained in these requests.

14.     Non-party Squarespace responds to these requests to the best of its present knowledge to the extent that it may be deemed to have personal knowledge or information that forms the basis of the responses herein.

~~15.     Non-party Squarespace is currently conducting review for responsive~~ information and Non-party Squarespace reserves its right to supplement these responses.

16.     Non-party Squarespace's representation that it will produce responsive, non-privileged, non-protected, non-cumulative documents is not to be construed as an admission that any such documents exist, but rather that Non-party Squarespace will undertake a good faith effort to search for such documents after Plaintiff provides adequate compensation to non-party Squarespace.

17.     All responses are provided with the express reservation of: (a) all objections as to competency, relevancy, materiality, and admissibility of the responses and the subject

DPA 325

matter thereof as evidence for any purpose in any further proceedings in this action or in any other action; (b) the right to object to the use of such responses and the subject matter thereof on any ground in any further proceedings in this action or in any other action; and (c) the right to object to a demand or request for further responses to these requests.

Non-party Squarespace objects to each of the requests for the reasons set forth in the foregoing General Objections and specifically incorporates each of these objections into each and every individual response below. Without waiving each of the foregoing objections, and as the requests are presently understood, non-party Squarespace responds as follows:

### Specific Request No. 1:

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN 38138
Tel.: (901) 209-9359
      (901) 871-7877
      (616) 669-9359
E-mail: Russrussell@russellmelvin.com
        admin@russellmelvin.com
        cpaige@airmota.org

### Response to Specific Request No. 1:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this

DPA 326

request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 2:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS 67205
Tel.: (316) 371-9097
E-mail: markmcclain@cox.net

Also, for domain account delta-pilots.org, produce the three e-mail messages that were produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

**Response to Specific Request No. 2:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff

5

DPA 327

before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 3 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

### Specific Request No. 3:

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Donald A. Harte
245 3rd Ave SE
Atlanta, GA 30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

Also, for domain account delta-pilots.org produce the one e-mail message that was produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

DPA 328

**Response to Specific Request No. 3:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 4 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 4:**

For domain account delta-pilots.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN 55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

DPA 329

**Response to Specific Request No. 4:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary.  Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace  already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 5:**

For domain account delta-pilots.org, produce customer service and technical support records of passwords sent to all registered and unregistered domain owners and administrators in 2013 from backup or archival media, if unavailable for production from more accessible data sources. If records take the form of e-mail messages, produce with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. If records take the form of chat logs, produce with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

**Response to Specific Request No. 5:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the

8

DPA 330

Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 6:**

For domain account delta-pilots.org, produce the three expired screencast prints identified below from the second SquareSpace subpoena request that show SquareSpace support call documentation from 2013. Search and produce responsive documents from backup and archive media, if unavailable for production from more accessible data sources. Include date and time stamps to show when screencast prints were captured and when they expired.

Expired Screencast Prints:

Specific Request No. 8:
Screencast print for:
http://screencast.com/t/DkwnNaTP
Specific Request No. 9:
Screencast print for:
http://screencast.com/t/Z50/7UjG
Specific Request No. 11:
Screencast print for: http://screencast.com/t/cs/S2Aalm

**Response to Specific Request No. 6:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and

DPA 331

expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Non-party Squarespace is not aware of a "live" version of the "expired screencast prints" it already produced.

### Specific Request No. 7:

For domain account <u>delta-pilots.org</u>, produce domain account login and logout activity for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

### Response to Specific Request No. 7:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome

DPA 332

to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 8:**

For domain account <u>delta-pilots.org</u>, produce network access and server activity logs for all of 2013 activity from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Response to Specific Request No. 8:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace  already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 9:**

For domain account <u>delta-pilots.org</u>, produce detailed activity records (spreadsheets) for all of 2013 activity and domain account traffic from backup or archival media, if

DPA 333

unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

## Response to Specific Request No. 9:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

## Specific Request No. 10:

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN 38138
Tel.: (901) 209-9359
       (901) 871-7877
       (616) 669-9359
E-mail: Russrussell@russellmelvin.com
         admin@russellmelvin.com
         cpaige@airmota.org

DPA 334

**Response to Specific Request No. 10:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as duplicative of RFP 1. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 11:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS 67205
Tel.: (316) 371-9097
E-mail: mark_mcclain@cox.net

**Response to Specific Request No. 11:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-

DPA 335

named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as duplicative of RFP 2. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 3 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 12:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

~~Donald A. Harte~~
245 3rd Ave SE
Atlanta, GA 30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

**Response to Specific Request No. 12:**

   In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request

DPA 336

as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as duplicative of RFP 3. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 4 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 13:**

For domain account delta-pilots.org, produce account history log to include e-mail messages to and from John Doe identified below with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN 55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

**Response to Specific Request No. 13:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as duplicative of RFP 4. Non-party Squarespace further objects to

DPA 337

Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 15:**

For domain account <u>delta-pilots.org</u>, produce domain account login and logout activity that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

**Response to Specific Request No. 15:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as duplicative of RFP 7. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent

DPA 338

it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome since Plaintiff could search the logs produced by Squarespace for whatever criteria it desires.

### Specific Request No. 16:

For domain account delta-pilots.org, produce network access and server activity log entries that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

### Response to Specific Request No. 16:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as duplicative of RFP 8. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent

DPA 339

it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome since Plaintiff could search the logs produced by Squarespace for whatever criteria it desires.

## Specific Request No. 17:

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Russell C. Melvin
7050 Corsica Drive
Germantown, TN 38138
Tel.: (901) 209-9359
    (901) 871-7877
    (616) 669-9359
E-mail: Russrussell@russellmelvin.com
    admin@russellmelvin.com
    cpaige@airmota.org

## Response to Specific Request No. 17:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of

DPA 340

documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

### Specific Request No. 18:

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Mark A. McClain
2319 N Tee Time Ct
Wichita, KS 67205
Tel.: (316) 371-9097
E-mail: markmcclain@cox.net

Also, for domain account deltapilot.org, produce the three e-mail messages that were produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

### Response to Specific Request No. 18:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request

DPA 341

as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 3 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

### Specific Request No. 19:

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Donald A. Harte
245 3rd Ave SE
Atlanta, GA 30317
Tel.: (404) 661-1414
E-mail: daharte@bellsouth.net

Also, for domain account deltapilot.org, produce the one e-mail message that was produced in response to the second SquareSpace Request for Production with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses.

### Response to Specific Request No. 19:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request

DPA 342

as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome and duplicative of RFP 4 from the March 2014 subpoena for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

### Specific Request No. 20:

For domain account deltapilot.org, produce for John Doe as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Matt R. Hobbs
3763 Linden Ln
Eagan, MN 55123
Tel.: (651) 295-5838
E-mail: hobbsmsb@aol.com

### Response to Specific Request No. 20:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from

DPA 343

non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

## Specific Request No. 21:

For domain account <u>deltapilot.org</u>, produce domain account login and logout activity for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

## Response to Specific Request No. 21:

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party

DPA 344

Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 22:**

For domain account deltapilot.org, produce network access and server activity logs for all of 2013 activity from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

**Response to Specific Request No. 22:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 23:**

For domain account deltapilot.org, produce detailed activity records (spreadsheets) for all of 2013 activity and domain account traffic from backup or archival media, if unavailable for production from more accessible data sources. Records are similar to spreadsheet produced reporting on eight days in 2014 in response to second SquareSpace Request for Production. Include Internet Protocol (IP) addresses and date and time stamps for each event.

DPA 345

**Response to Specific Request No. 23:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 24:**

For domain account deltapilot.org, produce for Elliot Nelson Bradshaw as identified below all electronic mail messages, electronic correspondence, text messages, instant messaging sessions, chat sessions, and customer service and technical support tickets. All e-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. All chat logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Elliot Nelson Bradshaw
1112 40th St
Bellingham, WA 98229
Tel.: (360) 305-0713
E-mail: ebradsha@gmail.com

**Response to Specific Request No. 24:**

DPA 346

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the above-named individual Defendant John Doe. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace objects to this request as unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent the terms "chat sessions" and "instant messaging sessions" are not defined. Non-party Squarespace further objects to this request as overbroad to the extent it is seeking "all electronic mail." Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Subject to and without waiving these objections, non-party Squarespace will produce relevant, non-privileged documents within its possession, custody, or control, if any, after Plaintiff reasonably compensates non-party Squarespace for conducting a third reasonable search in response to its third subpoena.

**Specific Request No. 25:**

For domain account <u>deltapilot.org</u>, produce domain account login and logout activity that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

DPA 347

**Response to Specific Request No. 25:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as duplicative of RFP 21. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome since Plaintiff could search the logs produced by Squarespace for whatever criteria it desires.

**Specific Request No. 26:**

For domain account deltapilot.org, produce network access and server activity log entries that match the following IP addresses of Elliot Nelson Bradshaw for all of 2013 from backup or archival media, if unavailable for production from more accessible data sources. Include Internet Protocol (IP) addresses and date and time stamps for each event.

IP Addresses:

204.77.14.153
192.228.104.0/24
199.47.208.192/30
199.127.56.64/29
199.127.56.128/28
199.127.57.64/28
204.77.0.64/26
204.77.14.128/26
162.248.4.0/24

DPA 348

**Response to Specific Request No. 26:**

In addition to its foregoing General Objections, which it hereby incorporates by reference, non-party Squarespace objects to this request as improperly burdening non-party Squarespace with the third wave of voluminous requests for production of documents without offering any compensation to non-party Squarespace for its losses and expenses from repeatedly conducting searches for and collecting documents for Plaintiff before any such documents were sought from directly relevant parties such as the Defendant John Does. Non-party Squarespace further objects to this request as exceeding the scope of the Court's Order allowing limited discovery "to identify defendant John Doe" which Plaintiff already did, making further discovery from non-party Squarespace unnecessary. Non-party Squarespace further objects to this request as deceptively numbered as Plaintiff already served and non-party Squarespace already produced documents in response to 23 prior requests for production of documents contained in the February and March 2014 subpoenas. Non-party Squarespace further objects to this request as unduly burdensome and duplicative of the February and March 2014 subpoenas for which Squarespace already produced documents. Non-party Squarespace further objects to this request as duplicative of RFP 22. Non-party Squarespace further objects to this request as unduly burdensome to the extent it is seeking additional metadata for already produced documents, which is not reasonably available to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome to the extent it seeks production of documents from backup systems, which are not reasonably accessible to non-party Squarespace, without providing any compensation to non-party Squarespace. Non-party Squarespace further objects to this request as unduly burdensome since Plaintiff could search the logs produced by Squarespace for whatever criteria it desires.

Dated: September 3, 2014

*T. Houha* (signature)

Timur E. Slonim
tslonim@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO, P.C.
666 Third Avenue
New York, New York 10017
Telephone:     (212) 692-6704
Facsimile:     (212) 983-3115

*Attorneys for Non-party Squarespace*

DPA 349

## CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in

the County of New York, State of New York, and am not a party to the above-entitled action.

I hereby certify that on September 3, 2014, I caused a true and correct copy of the foregoing

document to be served on counsel of record by US first class mail to the addresses as set forth

below:

Stanley J. Silverstone
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601

    *Attorneys for Plaintiff*

Executed on September 3, 2014 in New York, New York.

*T. Hor...*

Timur E. Slonim

DPA 350