Nicholas Granath, Esq. (*pro hac vice*)
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
199 Main Street, Seventh Floor
White Plains, New York 10601
Tel (914) 997-1346

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELTA PILOTS ASSOCIATION,<br><br>      Plaintiff,<br><br>  v.<br><br>RUSSELL C. MELVIN,<br><br>      Defendant. | Civil Action No.: 1:14-cv-00225-AKH<br><br>**NOTICE OF PLAINTIFF DPA'S MOTION FOR PARTIAL SUMMARY JUDGMENT, Rule 56(a)** |

TAKE NOTICE THAT, the Delta Pilots Association ("DPA"), before The Honorable Alvin K. Hellerstein, United States District Judge, at the United States District Court Southern District of New York, 500 Pearl Street, New York, New York 10007, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56(a), moves for an order granting <u>partial</u> summary judgment in favor of Plaintiff on the follow claims and parts of claims:

First, for an order granting summary judgment in favor of Plaintiff on the following parts or elements of all claims in Plaintiff's amended Complaint as follows:

1.  That Plaintiff, the Delta Pilots Association, <u>meets the definition of "person"</u> within the meaning of the Act, 18 U.S.C. § 1030(e)(12), for the purpose of all claims in Counts I, II, and III, as alleged in the amended Complaint; and

2.  That computers DPA used for its website <u>meet the definition of "protected computer"</u> within the meaning of the Act, 18 U.S.C. § 1030(e)(2)(B), for the purpose of all claims in Counts I, II, and III, as alleged in the amended Complaint; and

3. That Defendant Russell C. Melvin <u>lacked "authorization" to knowingly cause</u> the transmission of a program, information, code, or command to any protected computer used by Plaintiff DPA within the meaning of the Act, 18 U.S.C. § 1030(a)(5)(A), for the purpose of Count I, as alleged in the amended Complaint; <u>and that Defendant also lacked "authorization" to intentionally access</u> any protected computer used by DPA within the meaning of the Act, 18 U.S.C. § 1030(a)(5)(A), for the purpose of the claims in Counts II and III, as alleged in the amended Complaint; and

4. That Defendant <u>knowingly caused the transmission</u> of code or commands to protected computers used by DPA within the meaning of the Act, 18 U.S.C. § 1030(a)(5)(A), for the purpose of the claim in Count I, as alleged in the amended Complaint; and

5. That Defendant <u>intentionally accessed</u> protected computers used by DPA within the meaning of the Act, 18 U.S.C. § 1030(a)(5)(C), for the purpose of the claim in Count III, as alleged in the amended Complaint; and

6. That <u>"damage" occurred to protected computers</u> used by Plaintiff DPA, intentionally caused by Defendant Melvin, within the definition of the Act, 18 U.S.C. § 1030(e)(8), for the purpose of all claims in Counts I, II, and III, as alleged in the amended Complaint; and

7. That DPA suffered a <u>"loss"</u> within the meaning of the Act, 18 U.S.C. § 1030(e)(11), caused by Defendant Melvin, for the purpose all claims in Count III, as alleged in the amended Complaint; and

Second, for an order granting summary judgment in favor of Plaintiff on two of three claims or Counts in DPA's amended Complaint as follows:

8. That judgment be entered in favor of Plaintiff on <u>Count I</u>, the First Cause of Action, under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A), because Defendant knowingly caused the transmission of a code or commands, and as a result of such conduct, intentionally caused damage without authorization to protected computers used by DPA; and

9. That judgment be entered in favor of Plaintiff on <u>Count III</u>, the Third Cause of Action, under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C), because Defendant intentionally accessed a protected computer used by DPA, without authorization, and as a result of such conduct, caused damage and loss.

For its supporting grounds this motion is based upon Plaintiff's separately filed supporting memorandum of law, its supporting declarations and exhibits and attachments thereto, its Local

Rule 56.1 Statement Of Material Facts Not In Issue, and all prior pleadings and proceedings in this matter.

Dated: February 17, 2019　　　　　　　SEHAM, SEHAM, MELTZ & PETERSEN, LLP
　　　　　White Plains, NY

By: _____
Nicholas Granath, Esq. *pro hac vice*
ngranath@ssmplaw.com
Lee Seham, Esq.
LSeham@ssmplaw.com
Lucas K. Middlebrook, Esq.
lmiddlebrook@ssmplaw.com
199 Main Street, Seventh Floor
White Plains, New York 10601
Tel: (914) 997-1346
Fax: (914) 997-7125

*Attorneys for Plaintiff, the Delta Pilots Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated above herein I electronically filed the above, attached document, and I further hereby certify that the above attached document was filed with the Clerk of this Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Dana Lossia, Esq.
dlossia@levyratner.com
LEVY RATNER, P.C.
80 Eighth Avenue Floor 8
New York, New York 10011
Tel. 212 627-8100
Fax. 212 627-8122

_____
Nicholas Paul Granath, Esq.