Exhibit C

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| DELTA PILOTS ASSOCIATION | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:14-cv-00225-AKH |
| RUSSELL C. MELVIN | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: SQUARESPACE, INC.
225 Varick Street, 12th Floor, New York, NY 10014

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT A.

| Place: LEVY RATNER, P.C., ATTN: Dana Lossia<br>80 Eighth Avenue, 8th Floor, New York, NY 10011<br>or via email or FTP link to: dlossia@levyratner.com | Date and Time:<br>08/30/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/13/2018

*CLERK OF COURT*          OR          *Dana Lossia*

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendant Russell C. Melvin**, who issues or requests this subpoena, are:

Dana Lossia, 80 8th Avenue, 8th Floor, New York, NY 10011. 212-627-8100. dlossia@levyratner.com.

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:14-cv-00225-AKH   Document 123-3   Filed 02/19/19   Page 3 of 9

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

Def. 00753

## **EXHIBIT A**

For a statement of your obligation in producing documents under this subpoena, see Rule 45(d)(l) and (2) of the Federal Rules of Civil Procedure, which appears on the final page of the subpoena.

### **DEFINITIONS**

1. "*Document*" encompasses the broadest possible definition permitted under United States District Court Civil Rules and specifically includes, but is not limited to, all electronically created, stored, transmitted, or generated information.

2. "*Person*" includes individuals, corporations and all other entities (incorporated or otherwise).

3. "*You*" or "*your*" means **Squarespace, Inc.**, its agents, servants, attorneys, private investigators, employees, former employees, predecessors and successors in interest, other representatives and others who are in the possession of, or may have obtained information for or on behalf of any of the aforementioned persons. It also means any parent, subsidiary, related or affiliated entity using the name **Squarespace, Inc.**, or that is otherwise affiliated with any of those entities.

4. "*Tim Caplinger*" is a natural person who is also known as Timothy Caplinger, Timothy E. Caplinger, or Tim E. Caplinger.

5. "*Plaintiff*" is the Delta Pilots Association, also known as DPA.

### **FORM OF PRODUCED ELECTRONICALLY STORED INFORMATION**

The form for producing electronically stored information (ESI) shall be in the same digital form or forms in which it is ordinarily maintained. You should not produce ESI using methods that remove or degrade the ability to search it by electronic means or make it difficult or burdensome to access or use the information efficiently in litigation. This native form of production shall be used for each individual, discrete item produced to include documents, messages, reports, logs, etc. The responsive time period or calendar scope for all specific requests for ESI production is specified in the individual request(s).

Documents shall be produced with both systems and application metadata intact including Microsoft Office documents and PDF documents. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. Be advised that metadata may be overwritten or corrupted by careless handling or improper steps to produce ESI.

762-000-00001: 10951085.docx

Def. 00754

E-mail messages shall be produced with all electronic mail metadata, any and all attachments, and with headers expanded to include routing information and all Internet Protocol (IP) addresses. Electronic mail metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields. Chat session logs shall be produced with message content, Internet Protocol (IP) addresses, and date and time stamps for each event.

Identification for foundation purposes shall be provided for all items produced (documents, messages, reports, logs, etc.) to include the following elements: Title, author's name, author's role or title, author's organization, and date and time stamps.

## GENERAL INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 45(d)(2)(A), if you intend to withhold from production any document or ESI information that is responsive to any specific request herein below, based on a claim of privilege, you must provide the information stated in Fed. R. Civ. P. 45(e)(2)(A).

If any document or ESI information that would have been responsive to the specific requests below has been destroyed, deleted or for any reason is no longer in your possession, custody or control, provide the following information, if known:

- The date of the document/information;

- The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

- The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left your possession, custody or control; and

- The circumstances surrounding the loss of the document or the reason for its destruction.

If you claim any other basis for objecting to responding or producing responsive documents or information then you are directed to comply with Fed. R. Civ. P. 45(d). Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), that Plaintiff reserves the right to, at any time, move the issuing Court for an order to compel production or inspection.

## SPECIFIC REQUESTS

1. Produce a copy of the Squarespace terms of service in effect on November 8, 2013.

2. Produce all documents relating to the identity of the owner or responsible party for the website located at http://delta-pilots.org from the time of its creation to the present.

762-000-00001: 10951085.docx

3. Produce all documents concerning changes made to the domain name settings or DNS records for the website located at http://delta-pilots.org between November 1, 2013 and February 28, 2014.

4. Produce all documents concerning administrative log-ins to the website located at http://delta-pilots.org between November 1, 2013 and February 28, 2014 and, for each such log-in, all documents that show the date and time of the log-in and the IP address associated with each such log-in.

5. Produce all documents that relate to any disruption to the website located at http://delta-pilots.org between November 1, 2013 and February 28, 2014.

6. Produce all documents concerning disruption or damage to the data, files, code or programs constituting the website located at http://delta-pilots.org from November 8, 2013 through the present.

7. Produce all documents concerning corrective action taken to repair any damage to the website located at http://delta-pilots.org from November 8, 2013 through the present.

8. Produce all documents concerning the placement of any account owned by Plaintiff into "trial" mode on November 8, 2013.

9. Produce all documents concerning any Squarespace account, including any "trial" account, registered to Defendant Russell C. Melvin from November 1, 2013 through November 30, 2013.

10. Produce all documents concerning the IP address of any person who logged in to any Squarespace account owned by Plaintiff or Tim Caplinger from November 1, 2013 – November 30, 2013.

11. Produce all documents relating to the transmission of commands or code that caused the website located at deltapilot.org to point to files existing in the tim-caplinger.squarespace.com account from November 1, 2013 through November 30, 2013.

12. Produce all documents that relate to whether Squarespace trial accounts were visible to the public as of November 8, 2013.

13. Produce all documents that relate to any violation of the Squarespace terms of service by Russell C. Melvin or by any account registered to Russell C. Melvin at any time.

14. Produce all documents that relate to any suspension of any Squarespace account registered to Russell C. Melvin at any time.

15. Produce all documents that relate to any violation of the Squarespace terms of service by any person associated with tim-caplinger.squarespace.com from November 1, 2013 through November 30, 2013.

16. Produce all documents concerning communications with the user of trial account tim-caplinger.squarespace.com from November 1, 2013 through February 28, 2014.

17. Produce all documents concerning whether a single domain name can simultaneously be associated with or attached to more than one Squarespace account.

18. Produce all documents concerning whether, as of November 8, 2013, a domain associated with an account hosted on Squarespace 5 could also be simultaneously associated with an account on Squarespace 6.

19. Produce all documents concerning the steps a user or customer must take to link a Squarespace website to a GoDaddy domain, as of November 8, 2013.

20. Produce documents concerning any administrative logins, including IP address and date/time stamp, to any Squarespace account owned or controlled by Plaintiff or Tim Caplinger from November 1, 2013 through November 30, 2013.

21. Produce documents concerning the identity of any person using the account tim-caplinger.squarespace.com on any Squarespace platform at any time.

22. Produce all documents that relate to the date and time of the *first* use of tim-caplinger.squarespace.com on any Squarespace platform, as well as documents concerning the identity of such user or account holder.

23. Produce all documents that relate to the owner(s), registrant(s) or administrative contact(s) of the domain deltapilot.org and the date(s) of any changes in ownership of this domain since the time that it was created.

24. Produce a forensic disk image of any account(s) owned by Plaintiff as of 12:00 AM on November 8, 2013.

25. Produce a forensic disk image of any account(s) owned by Plaintiff as of 12:00 AM on November 9, 2013.

26. Produce a forensic disk image of any account(s) owned by Plaintiff as of 12:00 AM on November 10, 2013.

27. Produce the domain name settings and DNS records for the domain at http://delta-pilots.org at 12:00 AM on November 1, 2013.

28. Produce the domain name settings and DNS records for the domain at http://delta-pilots.org at 12:00 AM on November 8, 2013.

29. Produce the domain name settings and DNS records for the domain at http://delta-pilots.org at 12:00 AM on November 9, 2013.

30. Produce the domain name settings and DNS records for the domain at http://delta-pilots.org at 12:00 AM on November 10, 2013.

31. Produce a list of changes to the domain name settings and/or DNS records for the domain at http://delta-pilots.org between 12:00 AM on November 1, 2013 and 12:00 AM on November 30, 2013.

32. Produce all documents showing that Defendant accessed http://delta-pilots.org or any Squarespace account owned by Plaintiff at any time.

33. Produce all documents showing that any person other than an authorized user accessed http://delta-pilots.org or any Squarespace account owned by Plaintiff at any time from November 1, 2013 through November 30, 2013.

34. Produce the directory contents of any Squarespace website associated with the registered owner of deltapilot.org for November 8, 2013 through November 10, 2013.

35. Produce all documents concerning the ability of Squarespace to roll back or restore a Squarespace website to a prior state, or concerning the process, timeframe and/or cost to the end user of doing so.

36. Produce all documents concerning the existence of commands or code that result in an ongoing means to re-access and to potentially disable, disrupt, or interfere with the integrity of Plaintiff's Squarespace website at any time.

37. Produce all documents concerning DPA's Squarespace website located at http://delta-pilots.org being potentially vulnerable to "backdoor" attacks.

Dated: August 13, 2018
       New York, New York

LEVY RATNER, P.C.

*/s/ Dana Lossia*

By:   Dana E. Lossia
      Attorneys for Defendant Russell C.
         Melvin
      80 Eighth Avenue, 8th Floor
      New York, New York 10011
      (212) 627-8100
      (212) 627-8182 (fax)
      dlossia@levyratner.com

762-000-00001: 10951085.docx

Def. 00759